### JONATHAN BUXTON *vs.* ORMAN BROADWAY.

A petition in equity averred that the respondent had by fraudulent representations obtained of the petitioner his note and had brought an action upon it, and prayed for the cancellation of the note and a perpetual injunction against the prosecution of the action. The note was non-negotiable, was dated in June, 1872, and had seventeen years to run from its date. The petition was brought in December, 1873. The respondent demurred to the petition on the ground that the petitioner had adequate remedy at law by a defence to the pending action. Held that, as the petitioner had no control over the action at law, but the respondent might withdraw it and wait several years before bringing another, the remedy at law was not adequate.

BILL IN EQUITY for the cancellation of a note and an injunction against the prosecution of an action at law upon it; brought to the Superior Court.

The bill alleged that the note was obtained by fraudulent representations, which were particularly set forth; that it was for $458.61, was dated June 10, 1872, and was payable to the respondent on demand with interest from date; that an action at law had been brought upon it by the respondent against the petitioner in the Court of Common Pleas of Fairfield County, which action was still pending; and that the petitioner had not adequate remedy at law; and prayed for a decree that the note should be canceled and. delivered up to the petitioner, and that the respondent should be perpetually enjoined against the prosecution of his action upon it.

The respondent demurred to the petition, and the case was reserved upon the demurrer for the advice of this court.

*J. H. Olmstead* and *E. S. Schofield,* in support of the demurrer.

1.   A court of equity will not relieve where there exists an adequate remedy at law; this is prohibited by positive legislative enactment.

2.   The petitioner has a complete legal remedy by a defence to the action on the note. The petition alleges that the note was obtained by fraud and was without consideration. Both these matters are good defences at law.

3. The note is non-negotiable on demand. An assignment by the respondent cannot affect the right of the petitioner to defend against its infirmities in the hands of a third person.

4. The petitioner does not allege, except in general terms, that the petitioner has not a remedy at law, nor that any unconscionable advantage is to be gained or is attempted by the respondent in his action on the note, nor that the petitioner has been deprived of his defence at law or is in danger of being deprived of it. Courts of equity are reluctant to interpose their summary authority by injunction to restrain proceedings at law unless one of the above reasons exists. *Roberts* v. *Ripley*, 14 Conn., 553; *Bigelow* v. *Hartford Bridge Co.*, id., 580; *Phalen* v. *Clark*, 19 id., 435; *Pearce* v. *Olney*, 20 id., 553; *Thompsonville Scale Co.* v. *Osgood*, 26 id., 19.

*J. B. Curtis* and *S. Fessenden*, contra.

PARK, C. J. If the petitioner could compel the respondent to prosecute to final judgment the suit he has commenced on the note in question, then it might be said with truth that he has adequate remedy at law for the grievances set forth in his bill. But the petitioner has no such power over the respondent or the suit; neither does the law furnish him any means of acquiring it. The suit is under the entire control of the respondent, who may withdraw it at any time before the verdict of a jury or a finding of the facts by the court; and, abiding his time, he may take an unconscionable advantage of the petitioner when his witnesses are dead or have been scattered to parts unknown, or when the facts with regard to the fraud shall have faded from their memory. The note has seventeen years of life from its date; and if it be true, as is set forth in the bill, that it was obtained from the petitioner by fraud, it may well be expected that the respondent will use all the means in his power to prevent the petitioner from exposing its character on the day of trial; and to this end he will take all the advantage to be gained by delay to accomplish his purpose. It is clear therefore that we cannot take into account the fact that there is a suit at law now

pending between the parties in determining whether the petitioner's remedy at law is "obvious, adequate and complete." CHURCH, J., in *Chipman* v. *City of Hartford*, 21 Conn., 488. On that question we can consider only what means of redress the law itself furnishes the petitioner, and not what he may chance to get through the indulgence of the respondent. In the case of *Ferguson* v. *Fisk*, 28 Conn., 501, which was a suit in chancery to compel the respondent to cancel and deliver up a draft, the consideration of which had entirely failed, a suit at law, brought to recover the amount of the draft, was at the time pending between the parties. Still Judge SANFORD, in giving the opinion of the court, regarded the fact of no importance, and dismissed it with the remark that the suit might at any time be withdrawn by the respondent and another brought at his convenience. The fact of the pendency of the suit at law in the present case, though strenuously urged upon us in the argument, we lay out of our consideration, in view of the fact that it may be withdrawn by the respondent at his pleasure, and another brought at a time when an unconscionable advantage may be taken of the petitioner.

If the note in question showed upon its face the fraud alleged in the bill, so that however late a suit might be brought the petitioner could not be deprived of his defense, it might with some propriety be said that the petitioner has adequate remedy at law. Judge Story, in the second volume of his Equity Jurisprudence, § 700 *a*, says:—"Where the illegality of the agreement, deed or other instrument appears upon the face of it, so that its nullity can admit of no doubt, the same reason for the interference of courts of equity to direct it to be canceled or delivered up would not seem to apply; for in such a case there can be no danger that the lapse of time may deprive the party of his full means of defense." It would seem to follow that if the illegality did not appear upon the face of the instrument, courts of equity would interfere and order a cancellation of it. Indeed, in section 700 of the same volume the author says:—"If an instrument ought not to be used or enforced, it is against

conscience for the party holding it to retain it, since he can only retain it for some sinister purpose. If it is a negotiable instrument, it may be used for a fraudulent or improper purpose, to the injury of a third person. . * * If it is a mere written agreement, solemn or otherwise, still, while it exists, it is always liable to be applied to improper purposes; and it may be vexatiously litigated at a distance of time when the proper evidence to repel the claim may have been lost or obscured; or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment." This language applies with peculiar force to the case in hand; for no one will say that the petitioner will be as able to prove the allegations in his bill ten years hence as he is to-day. The burden of proving the fraud would be on the petitioner at whatever distance of time a suit might be brought; hence the petitioner would lose and the respondent would gain by delay. The same author, in section 695 of the same volume, in classifying the cases in which courts of equity will interfere and order the cancellation of instruments, places cases of the character of the present one in the first class. He says:—"First, where there is actual fraud in the party defendant, in which the party plaintiff has not participated." The bill charges the respondent with actual fraud in procuring the note in question of the petitioner. Hence the case comes clearly within this class.

The case of *Ferguson* v. *Fisk*, before referred to, does not differ in principle from the present one, but substantially controls it. That was a case where the consideration for giving the draft had entirely failed. This is a case of fraud in procuring the note. The draft in that case was negotiable, but past due. The note in this case is non-negotiable. A decree of cancellation was passed in that case, and one should be in this, if the allegations in the bill shall be proved true.

We advise the Superior Court that the bill is sufficient.

In this opinion the other judges concurred; except CAR-PENTER, J., who dissented.