(May 6, 1898.)

## CHRISTENSEN v. HOLLINGSWORTH.

[53 Pac. 211.]

REFORMATION AND FORECLOSURE OF MORTGAGE—ALLEGATIONS OF MISTAKE.—Allegation, in complaint, that parties to a mortgage intended that certain land (describing it) should be described in and conveyed by such mortgage, and that the scrivener, in drawing the mortgage, omitted, through mistake, the number of the section in which such tract was situated and prays for reformation. *Held*, sufficient to grant reformation.

JOINDER OF ACTIONS.—A mortgage may be reformed and foreclosed in the same action.

MARRIED WOMAN—MISTAKE IN DESCRIPTION.—A clerical mistake in the description of land intended to be mortgaged by a married woman may be corrected upon a proper showing.

CERTIFICATE OF ACKNOWLEDGMENT OF MARRIED WOMAN.—A substantial compliance with the provisions of section 2960 of the Revised Statutes in the certificate of acknowledgment of a married woman is all that is necessary.

JURY TRIAL—EQUITABLE ACTIONS.—The guaranty found in section 7, article 1 of the constitution, that the right of trial by jury shall remain inviolate, was not intended to extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution. Such provision does not guarantee a jury trial in equitable actions.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellant.

The court erred in sustaining plaintiff's complaint as to the reformation of the mortgage sued upon or in admitting any evidence in reference thereto. The complaint must not only set forth a mutual mistake, but must point out with clearness and precision all the attendant circumstances wherein the mistake lies, the original agreement, and that the mistake was not through the negligence of plaintiff. (*Lewis v. Lewis,* 5 Or. 169, 147; *Stephens v. Murton,* 6 Or. 193; *Barfield v. Price,* 40 Cal. 535, and cases cited; *Wright v. Shafter,* 48 Cal. 275.) Further, it has been held that a mortgage misdescribing the property must be corrected before foreclosure proceedings are begun. (*Davis v. Cox,* 6 Ind. 481; *Sibert v. McAvoy,* 15 Ill. 106; *French v. Griffin,* 18 N. J. Eq. 279.) The court refused to grant defendants a jury trial; the constitution of this state guarantees a jury for the trial of every issue of fact in a civil action, the distinction between law and equity being abolished. (State Const., art. 1, sec. 7; art. 5, sec. 1; North Carolina Const., 1875, art. 4, sec. 1; Proffatt on Jury Trial, sec. 89; *Taylor v. Person,* 2 Hawk. (N. C.) 298; *Faulk v. Faulk,* 23 Tex. 653; *Brown v. Burke,* 22 Ga. 574.) The decree is insufficient compared with the decree in the case of *Vermont Loan etc. Co. v. McGregor,* 5 Idaho, 320, 51 Pac. 102. No reformation of an instrument can be had as against a *feme covert,* especially when such reformation is for the purpose of compelling her to convey more

property than the instrument already conveys. (*Montana Nat. Bank v. Schmidt,* 6 Mont. 609, 13 Pac. 382; 14 Am. & Eng. Ency. of Law, 632, 635, 636, note 1; *Leonis v. Lazzarovich,* 55 Cal. 52; *Barrett v. Tewksbury,* 9 Cal. 14; *Reis v. Lawrence,* 63 Cal. 129, 49 Am. Rep. 83, and note; *Cox v. Woods,* 67 Cal. 317, 7 Pac. 722.) The evidence stands uncontradicted, "that at the time of executing this mortgage Mrs. Hollingsworth knew nothing of its contents, no one read or explained the same to her, and that when she signed this instrument her husband was present, in fact directed her where and how to sign." (Rev. Stats., secs. 2921, 2922, 2956; 1 Am. & Eng. Ency. of Law, 2d ed., 512, 514 et seq., 519; 14 Am. & Eng. Ency. of Law, 629; *Hutchinson v. Ainsworth,* 63 Cal. 286; *Beck v. Soward,* 76 Cal. 527, 18 Pac. 650; *Bollinger v. Manning,* 79 Cal. 7, 21 Pac. 841; *Leonis v. Lazzarovich,* 55 Cal. 52.)

Sweet & Steele, for Respondent.

The second alleged error is that a suit to reform and foreclose cannot be enforced in the same action. The question has been so often decided adverse to appellants that we are astonished that the court's attention is not called to some of these decisions. The court's attention is respectfully called to Bliss. on Code Pleading, sections 166-172. (*Hutchinson v. Ainsworth,* 73 Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82.) Clerical mistakes affecting the description in a conveyance by a married woman may be corrected, and by such correction the object and policy of the statute as to the conveyance of the separate property of a married woman are not controverted. (Jones on Mortgages, 3d ed., sec. 99; *Hamer v. Medsker,* 60 Ind. 413; *Carper v. Munger,* 62 Ind. 481; *Hayford v. Kocher,* 65 Cal. 389, 4 Pac. 350; *Savings etc. Society v. Meeks,* 66 Cal. 371, 5 Pac. 624.) The acknowledgment of the mortgage is attacked. If the certificate of the officer substantially complies with the law it must. be taken as a correct statement and cannot be impeached except for fraud, duress or mistake. (*Banning v. Banning,* 80 Cal. 271, 13 Am. St. Rep. 156, 22 Pac. 210; Jones on Mortgages, sec. 538.) The certificate of the officer taking an acknowledgment is required to be a substantial compliance with

the form prescribed in the statute, section 2960. (*Northwestern Bank v. Rauch,* 5 Idaho, 750, 51 Pac. 764.)

SULLIVAN, C. J.—This action was brought by the respondent, Christensen, to reform and foreclose a certain real estate mortgage given to secure certain promissory notes. The answer denies the execution of said mortgage, and, as another and separate defense, avers that the defendants (who are appellants here) are, and were at the date of the execution of said mortgage, husband and wife, and that they occupied the premises described in the complaint as a residence; that the same was community property; and that the acknowledgment of the execution of said mortgage by the said Mary E. Hollingsworth was not taken as required by the provisions of section 2956 of the Revised Statutes of Idaho, in that she was not made acquainted with the contents of said mortgage by the officer taking the acknowledgment, on an examination without the hearing of her husband; and that said mortgage is void for that reason. When the cause was reached for trial, the appellants demanded that the issues of fact be tried by a jury, which was denied by the court. Trial was had to the court without a jury, and judgment and decree of reformation and foreclosure were made and entered in favor of the respondent. Thereupon, a motion for a new trial was interposed by the appellants, and overruled by the court. This appeal is from the judgment and the order overruling the motion for a new trial.

The admission of any evidence sustaining the allegations of the complaint touching the reformation of the mortgage is assigned as error. It is contended that the allegations of the complaint are not sufficient, in this, to wit: It fails to allege mutual mistake, with all of its attendant circumstances, and fails to allege that such mistake was not through the negligence of the plaintiff. While the allegations are not as full and complete as the facts, as shown by the evidence, would warrant, we think they are sufficient to allow the introduction of testimony to show whether it was the intention of the defendants to include said eighty-acre tract of land in said mortgage, and show whether the omission of the number of the section in which said tract was situated was omitted from said description through mistake of the person who drew said mortgage.

It is contended that a mortgage cannot be reformed and fore-closed in the same action, and that the court erred in permitting reformation and foreclosure in the same action. There is nothing in this contention. The recognized rule under our Code of Civil Procedure is that a mortgage may be reformed and foreclosed in the same action. In *Hutchinson v. Ainsworth,* 73 Cal. 453, 2 Am. St. Rep. 823, 15 Pac. 82, it is held that a complaint which seeks to reform a mortgage, and to foreclose the same as reformed, states but one cause of action. (See, also, Bliss on Code Pleading, secs. 166-172.)

It is also contended that no reformation of an instrument can be had against a married woman, especially when such reformation is for the purpose of compelling her to convey more property than the instrument already conveys. The mortgage in question was executed on the twenty-seventh day of November, 1893, and contains descriptions of three distinct parcels or tracts of land. The alleged mistake occurs in the first description, which describes an eighty-acre tract, except that it fails to state the number of the section in which said tract is situated. In a subsequent mortgage given by these appellants to the Plano Manufacturing Company on the eleventh day of May, 1894, they admitted that said eighty-acre tract was included in the mortgage involved in this action. Under all of the evidence found in the record, it is clearly shown that it was the intention of the defendants to include said eighty-acre tract in said mortgage, and through the mistake of the draftsman the number of the section was omitted. By the reformation of said mortgage no new right is conferred. It is merely carrying into effect the intention of the parties. If such mistake could not be corrected, gross injustice would result. Equity looks on that as done which ought to be done. The object and policy of our statutes in regard to the transfer or conveyance of the separate property of the wife, or of the property on which the husband and wife may reside, are not controverted or thwarted by permitting such reformation. (*Society v. Meeks,* 66 Cal. 371, 5 Pac. 624; *Hayford v. Kocher,* 65 Cal. 389, 4 Pac. 350.) A mistake in the description of land intended to be conveyed or mortgaged by a married woman may be corrected upon a proper showing. (*Hamar v. Medsker,* 60 Ind. 413; *Carper v.*

*Munger,* 62 Ind. 481; Jones on Mortgages, 3d ed., sec. 99; Dembitz on Land Titles, sec. 54; *Tichenor v. Yankey,* 89 Ky. 508, 12 S. W. 947.) It is contended that the certificate of acknowledgment to said mortgage is defective, and not in compliance with the provisions of section 2960 of the Revised Statutes. The certificate is as follows:

"State of Idaho,} ss.
County of Latah {

"I, J. I. Mitcham, justice of the peace in and for said county, in the state aforesaid, do hereby certify that A. P. Hollingsworth and Mary E. Hollingsworth, his wife, personally known to me as the real persons whose names are subscribed to the foregoing deed, appeared before me this day in person, and acknowledged that they executed and delivered the said deed, as their free and voluntary act, for the uses and purposes therein set forth. And I further certify that Mary E. Hollingsworth, wife of said A. P. Hollingsworth, acknowledged to me, on an examination apart from, and without the hearing of, her husband, and after I had made known to her the contents of said instrument, that she executed the same freely and voluntarily, without fear or compulsion, or under influence of her husband, and that she did not wish to retract the execution of the same. Given under my hand and official seal this twenty-seventh day of November in the year of our Lord 1893.

"J. I. MITCHAM,
"Justice of the Peace."

Said certificate does not follow in the exact words of the statute, nor is it necessary that it should be so. A substantial compliance with the provisions of said section is all that is required, and we think said certificate substantially complies therewith. (*Northwestern Bank v. Rauch,* 5 Idaho, 750, 51 Pac. 764.)

It is contended, under the provisions of section 7, article 1, and section 1, article 5, of the constitution of Idaho, that the defendants were entitled to have the issues of fact tried by a jury, and that the court erred in denying appellants' motion for a jury trial. Section 7, article 1, is as follows: "The right of trial by jury shall remain inviolate; but in civil actions three-

fourths of the jury may render a verdict, and the legislature may provide that in all cases of misdemeanor five-sixths of the jury may render a verdict. A trial by jury may be waived in all criminal cases not amounting to felony by the consent of both parties, expressed in open court, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions and cases of misdemeanor the jury may consist of twelve, or of any number less than twelve upon which the parties may agree in open court." Section 1, article 5, is as follows: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, are hereby prohibited; and there shall be in this state but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action; and every action prosecuted by the people of the state as a party against a person charged with a public offense for the punishment of the same, shall be termed a criminal action. Feigned issues are prohibited, and the fact at issue shall be tried by order of the court before a jury." Said section 7, article 1, of the constitution, declares, *inter alia* that "the right of trial by jury shall remain inviolate"; and section 1, article 5, declares: "The distinctions between actions at law and suits in equity, and the forms of all actions and suits, are hereby prohibited," etc. It is the settled doctrine in a number of states having constitutional provisions similar to those above cited that those provisions must be read in the light of the law existing at the time of the adoption of the constitution. Said provisions were not intended or designated to extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution. (*City Council v. O'Donnell,* 29 S. C. 355, 13 Am. St. Rep. 728, 7 S. E. 523; *Lynch v. Metropolitan etc. Ry. Co.,* 129 N. Y. 274, 26 Am. St. Rep. 523, 29 N. E. 315; *Heacock v. Hosmer,* 109 Ill. 245; *Commercial Ins. Co. v. Scammon,* 123 Ill. 604, 14 N. E. 666; *Ex parte Schmidt,* 24 S. C. 363.) The guaranty that "the right to trial by jury shall remain inviolate" has no reference to equitable cases. (*Flaherty v. McCormick,* 113 Ill. 538; *Ward v. Farwell,* 97 Ill. 593; *Heacock v. Hosmer, supra.*)

This being an equitable action, it was not error to deny defendants' application for a jury trial.

We have made a careful examination of each error assigned, and find no error in the record. The judgment and decree of the trial court are therefore affirmed, with costs of this appeal in favor of the respondent.

Huston and Quarles, JJ., concur.