(December 31, 1904.)

## SHIELDS v. JOHNSON.

### [79 Pac. 391.]

EQUITY PLEADING—JURY TRIAL MAY BE DENIED.

1. Where an action is brought in the district court by the party actually in possession of the property in controversy, for the purpose of quieting title to his leasehold estate, under the provisions of section 4538, Revised Statutes, it is a suit in equity, and neither party, as a matter of right, is entitled to a jury.

(Syllabus by the court.)

APPEAL from District Court of Latah County. Honorable Edgar C. Steele, Judge.

Action to enjoin defendants from entering the premises of plaintiff to commit waste. Judgment for plaintiff from which defendant appeals. Judgment affirmed.

The facts are fully stated in the opinion.

Stewart S. Denning and George G. Pickett, for Appellants. All authorities cited by them are cited in the opinion.

Forney & Moore, for Respondent, cite no authorities not cited in the opinion.

STOCKSLAGER, J.—The complaint in this action alleged that the defendants Johnson were and are husband and wife, and on the tenth day of October, 1900, were the owners of certain real estate in Latah county; that on that date said Johnsons, as parties of the first part, and plaintiff herein as party of the second part, for a valuable consideration therein expressed, entered into a contract or agreement, by the terms of which it is shown that plaintiff leased said real estate for a term expiring on the first day of December, 1904, with the privilege, at the option of the party of the second part, for a two years' extension, at the price hereinafter mentioned. It is shown by the lease that the parties of the first part are to furnish all the material necessary to keep the fences in good repair on the said

property, and the party of the second part to furnish necessary labor to put such material in use. It is also shown by the terms of this lease or contract that the party of the second part had an option to buy all of said land at the time of any rental payment at the price of $4,500, and in case party of the second part should elect to purchase, then his rental payment at that time should be part of the $4,500. It was provided that the rental for the first four years should be $250 per annum, payable not later than the first day of November of each year, and before the crop is removed from said land, if before that date, and in case the party of the second part shall continue the lease for the additional two years, then the rental should be $300 per annum. There is also a provision in the lease that provides, if default shall be made in the payment of said rent or any portion thereof, when due, and for thirty days thereafter, the said lessors, their agents, etc., may re-enter and take possession, and at their option terminate the lease.

Plaintiff alleges that he entered into the possession of said premises after the execution of the lease and has faithfully kept and performed all of its terms and conditions; that the defendants, and each of them, claim an estate and interest in and to said premises, or some part or portion thereof, adverse to the intent of plaintiff which said claim or estate or interest of defendants, or either of them, is to plaintiff unknown. That such claim of defendants, or either of them, is without right, title or interest, paramount to plaintiff's right therein and plaintiff's right or possession thereof.

Plaintiff, for a further cause of action against defendants, alleges that about March, 1904, the defendants conspired together to wrong, cheat and defraud plaintiff, and to oust and eject plaintiff from possession of said premises, and in pursuance of said conspiracy upon the part of defendants and in furtherance thereof, and for the purpose and with the unlawful and wrongful intent to wrong, cheat and defraud plaintiff, and to oust and eject him from the possession of said premises, the said defendant, Frank Frazier, at various and divers times during said month of March, 1904, in the absence of the plaintiff from said premises, and without plaintiff's knowledge or con-

sent, and against his will, has entered upon said premises, and has committed waste thereof to plaintiff's damage in the sum of $500, with intent upon the part of said defendants, and each of them, to wrongfully and unlawfully cheat and defraud plaintiff.

The answer admits that plaintiff took possession of the premises as alleged in his complaint, but denies that he has done or performed faithfully or otherwise the conditions of his contract, or that plaintiff is entitled to the quiet and peaceable possession of the premises up to or until the first day of December, 1904. Admits that the defendants, and each of them, claim "an estate and interest in and to said premises and to every part and portion thereof adverse to the interests of the plaintiff's right of possession thereof; but denies that said claim, estate or interest of the defendants, or either of them, is or was at any of the times in plaintiff's complaint mentioned, to the plaintiff unknown, but defendants allege the fact to be that during all of the times in plaintiff's complaint mentioned, the defendants, Frank M. Johnson and Emma A. Johnson, were the owners in fee, in the possession of and entitled to the possession of the land and premises, in paragraph 1 of plaintiff's complaint specifically described—all of which was at all times in said complaint mentioned well known to the plaintiff herein; denies that the claims of the said defendants, or either of them, is without right. For answer to the second cause of action, denies that about March, 1904, or at any other time, or at all, defendants, or either of them, conspired together or otherwise to cheat and defraud plaintiff, or that the defendant, Frank Frazier, at various and divers times since March, 1904, in the absence of said plaintiff from said premises, or without plaintiff's knowledge or consent, has or did enter the premises or committed waste. . . . .

"Defendants, for a further and separate answer and defense, allege the contract set out in the complaint, and then allege that during the year 1903 plaintiff herein refused and neglected to pay the rent for the year 1903; that after said rent became due, defendants, Frank M. Johnson and Emma A. Johnson, his wife, commenced an action in the district court of the second judicial

district of Idaho, in and for Latah county, said action being brought for the recovery of the rents due under the terms of the said lease, and in said action defendants elected to and so alleged that they 'optioned to' and did thereby terminate said lease and all the rights of the lessee thereunder on account of the said lessee therein, the plaintiff herein, failing to pay said rent when due according to the terms and conditions of said lease."

That after the trial of said action in said court the judge of said court made and entered a decree as follows (we only note the portion of this decree that has a bearing on this case) :

"Wherefore, by reason of the law and the findings aforesaid, it is ordered, adjudged and decreed that the plaintiff, Frank M. Johnson and Emma A. Johnson, his wife, do have and recover of and from said defendant, M. J. Shields, the sum of $250 as rents due and owing at the time of the commencement of this action from defendant to plaintiff herein, for rent due under the terms of the lease in controversy herein for the year 1903, and in evidence herein, together with interest on said sum at the rate of seven (7) per cent per annum from December 1, 1903, and costs.

"It is further ordered, adjudged and decreed that defendants take nothing in this separate answer and equitable defense and cross-complaint."

They next allege that by virtue of said decree awarding them $250 for rent unpaid for the year 1903, they had a right to and did terminate said lease and all of the rights of said M. J. Shields therein. That thereafter, and on the filing of said decree, defendants Johnson quietly and peaceably, lawfully and without hindrance of any kind, entered into and took possession of said premises as they had a right to do under the terms of said lease, and ever since the filing of said decree have been, and are, in the lawful, quiet and peaceable possession of said lands and premises as in law and equity they are entitled to do. Then they allege that the plaintiff has no right, title or interest in said lands or premises, and has had no right, title or interest in or to said premises since the fourth day of February, 1904;

nor is the plaintiff at this time the owner of, in the possession of, or entitled to the possession of any of the lands or premises.

On these pleadings this case was tried by the court without a jury. On the nineteenth day of July, 1904, the defendants moved the court to have the case set as a law action. This application was denied and defendants excepted, which they now assign as error. Thereafter the court filed its findings of fact and conclusions of law. The first finding of fact is that the plaintiff and defendants Johnson entered into the lease as alleged in the complaint, and set out the lease in full. The second is that upon the execution and delivery of the contract, plaintiff entered into the possession of the premises, and has done and performed all of the terms and conditions therein provided by him to be kept and performed, and has faithfully complied with all of its terms and is entitled to the quiet and peaceable possession of the premises mentioned and described in said contract during the time provided for by said lease, to wit, up to and until the 1st day of December, 1904. Third, that the defendants and each of them claim an estate and interest in said premises adverse to the plaintiff and plaintiff's interest therein under and by virtue of the lease hereinbefore described. Fourth, that such claim of defendants, and each of them, is without right, and the defendants have no right, title or interest whatever in said premises, or any part or portion thereof, paramount to plaintiff's interest and right of possession.

The first conclusion of law is that the plaintiff having done and performed all of the terms and conditions of said contract therein provided by him to be kept and performed, is entitled to the quiet and peaceable possession of the premises mentioned in the contract during the term provided for by said lease, to wit, up to and including the first day of December, 1904. The second conclusion is that plaintiff is entitled to a decree as prayed for in the complaint. Third, that plaintiff is entitled to his costs.

Judgment and decree entered in compliance with the foregoing findings and conclusions.

Counsel for appellants first urge that when the plaintiff rested his case the motion for nonsuit then filed and submitted should

have been sustained. This motion was properly overruled. The next contention is that there was no question of an adverse estate entering into this case, nor any equities of any kind or nature whatever that would bring it under the provisions of section 4538, Revised Statutes, which reads as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

With the answer of defendants "admitting that defendants and each of them claim an estate and interest in and to said premises, and to every part and portion thereof adverse to the interest of the plaintiff in and to said premises and to plaintiff's right to possession thereof," we think brings this action clearly under the provisions of section 4538. It is urged by respondent, and not denied by appellants, that at the time of the trial the question of damages was waived by plaintiff with the consent of defendants, and all allegations in the complaint as to damages were eliminated therefrom, thus leaving the sole question for the court to determine as to who was entitled to the possession of the premises. This question the court found in favor of the plaintiff.

In *Johnson v. Hurst, ante,* p. 308, 77 Pac. 791, this court, speaking through Mr. Justice Ailshie, said: "In California it has been held that the action to quiet title under section 738 of the Code of Civil Procedure, and which is identical with our section 4538, embraces 'every interest or estate in land of which the law takes cognizance' "; citing *"Pierce v. Felter,* 53 Cal. 18; *Wilson v. Madison,* 55 Cal. 5; *Orr v. Stewart,* 67 Cal. 277, 7 Pac. 693; *Pennie v. Hildreth,* 81 Cal. 130, 22 Pac. 399; last two cases cited with approval in *Pioneer Land Co. v. Maddux,* 109 Cal. 640, 50 Am. St. Rep. 67, 42 Pac. 295. This court held to the same effect in *Fry v. Summers,* 4 Idaho, 424, 39 Pac. 1118. The plaintiff made a showing which entitled him to recover. The defendant was a naked trespasser, and established no right either at law or in equity. Entertaining the views of this case as herein expressed, we see no reason for ordering a new trial."

The same may be said of the case at bar. The plaintiff asked that the defendants be required to come into court and set up

their claim, which they did by averring a title which they claimed was better and paramount to the claim of plaintiff. The question of damages was eliminated by consent, and the court settled the issue in favor of the plaintiff.

It is next insisted by learned counsel for appellants that they were entitled to a trial by jury. There is no merit in this position. It is well said in respondent's brief: "Mr. Shields being in possession of the premises and the defendants claiming an estate and interest in the premises adverse to the plaintiff, no court other than a court of equity could offer the plaintiff adequate and complete remedy." (See *Root v. Railroad Co.*, 105 U. S. 189, 26 L. ed. 975; *Hipp v. Babin*, 19 How. (U. S.) 271, 15 L. ed. 633. For a full discussion of this question, see *Angus v. Craven*, 132 Cal. 691, 64 Pac. 1092.)

We have carefully reviewed the California cases cited by defendants, to wit: *Gillespie v. Gouly*, 120 Cal. 515, 52 Pac. 816; *Donohue v. Meister*, 88 Cal. 121, 22 Am. St. Rep. 283, 25 Pac. 1096; *Newman v. Duane*, 89 Cal. 597, 27 Pac. 66; *Hughes v. Dunlap*, 91 Cal. 385, 27 Pac. 642; *Taylor v. Ford*, 92 Cal. 419, 28 Pac. 441; *Landregan v. Peppin*, 94 Cal. 465, 29 Pac. 771; *Haggin v. Kelley*, 136 Cal. 481, 69 Pac. 140—and do not think they apply to the case at bar.

The question as to the right of trial by a jury in equity cases was before this court in *Christensen v. Hollingsworth*, 6 Idaho, 87, 96 Am. St. Rep. 256, 53 Pac. 211. The opinion is by Chief Justice Sullivan and concurred in by his associates, Justices Huston and Quarles. The syllabus says: "The guaranty found in section 7, article 1 of the constitution, that the right of trial by jury should remain inviolate, was not intended to extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution. Such provision does not guarantee a jury trial in equitable actions." A large number of cases are cited in this opinion supporting this position.

We find no error in the record, and the judgment is affirmed, with costs to respondent.

Sullivan, C. J., and Ailshie, J., concur.