(March 19, 1917.)

## JOHN E. REES, Respondent, v. O. W. GORHAM, Appellant.

[164 Pac. 88.]

TEST OF LEGAL OR EQUITABLE JURISDICTION—CANCELATION OF MORTGAGE
—JURY TRIAL—SPECIAL INTERROGATORIES TO JURY—SPECIAL FIND-
INGS OF JURY NOT BINDING ON COURT.

1. *Held,* that the evidence in this case shown by the record is sufficient to support the findings and judgment of the lower court.

2. In determining the question of whether or not parties are entitled to a trial by jury, courts must look to the ultimate and entire relief sought, and where, in order for the court to render a judgment which would give adequate relief it would be necessary to decree the cancelation of a mortgage and the surrender of a note, such relief could only be available by the exercise of the equitable jurisdiction of the court, and the parties would not be entitled to a jury trial.

3. Where specific interrogatories are submitted to a jury in either a legal or equitable action, the findings of the jury in response thereto are not binding upon the court, which may disregard such findings if they are clearly against the evidence, and find the facts as shown by the evidence before it.

[As to right to jury trial in action at law in which equitable defense is interposed, see note in Ann. Cas. 1913D, 168.]

APPEAL from the District Court of the Sixth Judicial District, for the County of Lemhi. Hon. J. M. Stevens, Judge.

Action brought for the purpose of canceling a mortgage, and to require defendant to surrender to plaintiff a note, and for the recovery of damages. Judgment for plaintiff. Motion for new trial denied. *Affirmed.*

O'Brien & Glennon, for Appellant.

Equity will not entertain jurisdiction where there is an adequate remedy at law. (16 Cyc. 31 and cases cited; *County of Ada v. Bullen Bridge Co.,* 5 Ida. 188, 95 Am. St. 180, 47 Pac. 818; 2 Pomeroy's Eq. Jur., sec. 914; *Allerton v. Belden,* 49 N. Y. 373, 379.)

A court of equity will not interfere to decree the cancelation of a written instrument unless some special circumstance exists, establishing the necessity of a resort to equity to prevent an injury which might be irreparable, and which equity alone is competent to avert. (*Venice v. Woodruff*, 62 N. Y. 462, 20 Am. Rep. 495.)

E. W. Whitcomb, for Respondent.

The respondent has the right to have the note declared void and to have the mortgage canceled, which can only be done by the court taking equitable jurisdiction of the subject matter. (*Merritt v. Ehrman*, 116 Ala. 278, 22 So. 514; *Buxton v. Broadway*, 45 Conn. 540; *Benson v. Keller*, 37 Or. 120, 60 Pac. 918; *Ferguson v. Fisk*, 28 Conn. 501; *Fitzmaurice v. Mosier*, 116 Ind. 363, 9 Am. St. 854, 16 N. E. 175, 19 N. E. 180; *Otis v. Gregory*, 111 Ind. 504, 13 N. E. 39.)

The trial judge could set aside findings of the jury without granting a new trial. (Pomeroy's Eq. Jur., 3d ed., sec. 181, 231.)

The trial court having acquired equitable jurisdiction in the case, any findings of the jury would be purely advisory only. (*Brady v. Yost*, 6 Ida. 273, 55 Pac. 542; *Freeman v. Stephenson*, 63 Cal. 499; *Harris v. Lloyd*, 11 Mont. 390, 28 Am. St. 475, 28 Pac. 736; *Weiss v. Ahrens*, 24 Colo. App. 531, 135 Pac. 987; *Peters v. Leflang*, 6 Ida. 364, 55 Pac. 857; 10 R. C. L. 533, 534, sec. 317.)

In actions of this kind a party failing to object by demurrer or answer to the particular jurisdictions of the court, who joins in the issues and after the trial submits his case to the court, waives any objection which he otherwise might have to the right of the court to equitable jurisdiction. (*Reynes v. Dumont*, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. ed. 934; *Kilbourn v. Sunderland*, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. ed. 1005; *Allen v. Pullman's Palace Car Co.*, 139 U. S. 658, 11 Sup. Ct. 682, 35 L. ed. 303; *Massachusetts General Hospital v. State Mut. Life Assur. Co.*, 4 Gray (70 Mass), 227, 232; *Russell v. Loring*, 3 Allen (85 Mass.), 121, 126; *Coast Co. v. Spring Lake*, 58 N. J. Eq. 586, 47 Atl. 1131, 51 L. R. A. 657; *Livingston*

*v. Livingston,* 4 Johns. Ch. (N. Y.) 287, 8 Am. Dec. 562; *Hoff v. Olson,* 101 Wis. 118, 70 Am. St. 903, 76 N. W. 1121; *Knauf etc. Co. v. Elkhart Lake Sand etc. Co.,* 153 Wis. 306, 141 N. W. 701, 48 L. R. A., N. S., 744.)

BUDGE, C. J.—This is an appeal from an order of the trial court denying a motion for a new trial; no appeal was taken from the judgment. The facts are: On and prior to Feb. 21, 1911, respondent was in the possession of and was the owner of certain lode mining claims in Lemhi county, location notices of which are recorded in the office of the recorder of that county; on said date the respondent gave appellant his promissory note in writing, dated February 21, 1911, for the sum of $2,210, payable two years after its date, with interest at the rate of 8 per cent per annum payable annually, and to secure the payment thereof gave appellant a mortgage on the said claims, which mortgage is also recorded in the office of the recorder of said county; on or about April 2, 1912, respondent gave appellant a power of attorney, authorizing and empowering him to sell and dispose of the said mining claims and permitting appellant to enter into the possession thereof, with the understanding that appellant should not sell said property for less than $5,000, which was to be equally divided between respondent and appellant in case of a sale, and respondent's note and mortgage in that event were to be canceled and discharged.

The trial court found, and the finding is supported by the evidence, that appellant "with intent to defraud and deprive the plaintiff of his right, title and interest in said mining claims and the value and the market price thereof, did wrongfully and fraudulently and with intent to deprive the plaintiff of the title and value of the said claims, permit and allow one J. A. Nash to relocate all of the said claims on or about January 1, 1913, and thereby the plaintiff lost his title in and to the said claims."

On March 24, 1913, respondent commenced his action against appellant, setting forth the facts as above alleged, and the further fact that at the time of the giving of the power

of attorney above referred to appellant undertook and agreed to do the assessment work on said claims and to deduct from the sale price, when the claims should be sold, a sum sufficient to reimburse him for whatever expense he might incur in doing the assessment work. His complaint contained a prayer for damages, and for a decree canceling the mortgage of record and requiring the appellant to deliver to him the said note, and decreeing both the note and mortgage null and void.

The answer put in issue the matters set forth in the complaint, and a cross-complaint was filed for the foreclosure of the said mortgage, to which respondent answered by setting up as a defense the fraud and connivance between appellant and the said Nash, as above set forth.

The cause was tried by the court and certain interrogatories were submitted to the jury upon which they returned their verdict. The general issue was not submitted to the jury. The court, in preparing his findings of fact, conclusions of law and judgment, adopted two of the findings of the jury upon the interrogatories and rejected one. It does not appear from the record that any objection was made by appellant to this method of procedure. So far as the record discloses, objection was taken for the first time when appellant filed his notice of intention to move for a new trial.

The court having denied and overruled appellant's motion for a new trial, this appeal was prosecuted and the following errors were assigned:

[a] The evidence is insufficient to support the judgment and findings.

[b] The findings of fact and conclusions of law and the judgment herein were made and entered by the court contrary to law, and in excess and beyond the authority vested in the court.

[c] The court erred in vacating and setting aside the special findings of the jury and entering a judgment contrary thereto.

As to the first assignment of error, without going into detail, we have to say that the record has been carefully ex-

amined and the evidence appears amply sufficient to support the judgment and findings.

The second assignment of error involves the sole question of whether or not appellant was entitled to a jury trial on the general issue. It is true that a portion of respondent's cause of action was a claim for damages, which if it stood alone would undoubtedly entitle appellant to a jury trial, but in determining whether or not the parties are entitled to a jury, trial courts must look to the ultimate and entire relief sought. (*Johansen v. Looney and Oakes,* 30 Ida. 123, 163 Pac. 303.) Applying this test to the present case we find that in order for the court to render a judgment which would give complete and adequate relief, it would be necessary to decree the cancelation of the mortgage in question and the surrender of the note. Such relief could only be made available by the exercise of the equitable jurisdiction of the court. That courts of equity have jurisdiction of causes where it is sought to have canceled an instrument which ought not to be enforced or which might be used for a fraudulent or improper purpose, or which might be vexatiously litigated at a distance or time where the proper evidence to repel the same may have been lost or obscured, or when the other party may be disabled from contesting its validity with such ability and force as he can contest it at the present time, has long been held to be one of the fundamental principles of equity jurisprudence. (Story's Equity Jurisprudence, sec. 700; *Merritt v. Ehrman,* 116 Ala. 278, 22 So. 514; *Ferguson v. Fisk,* 28 Conn. 501; *Buxton v. Broadway,* 45 Conn. 540; *Fitzmaurice v. Mosier,* 116 Ind. 363, 9 Am. St. 854, 16 N. E. 175, 19 N. E. 180.) It appears, therefore, that this cause is clearly one cognizable in equity. This court has adhered to the rule that parties are not entitled to a jury trial in equitable actions. (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Brady v. Yost,* 6 Ida. 273, 55 Pac. 542; *Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391.)

In jurisdictions where the distinction between actions at law and suits in equity is still observed, the rule seems to be well settled that where it is competent for the court to grant

the relief sought and it has jurisdiction of the subject matter, the objection to the adequacy of the remedy at law must be taken at the earliest opportunity and before the defendant enters upon a full defense. (*Reynes v. Dumont*, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. ed. 934; *Kilbourn v. Sunderland*, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. ed. 1005; *Brown v. Lake Superior Iron Co.*, 134 U. S. 530, 10 Sup. Ct. 604, 33 L. ed. 1021.)

Upon the issue made up by the cross-complaint and the answer thereto, appellant was clearly not entitled to a jury trial; that portion of the proceeding was simply a suit to foreclose a mortgage, and the rule is too well settled to require the citation of authorities, that a mortgage foreclosure is an equitable proceeding, in which neither party is entitled to a jury trial.

The third specification of error, namely, that the court erred in vacating and setting aside the special findings of the jury is equally untenable. The only purpose in submitting specific interrogatories to a jury is, first, in equitable actions to assist the court in finding the facts; and, second, in law actions to enable the court to determine whether or not the general verdict which they have rendered can be supported as a matter of law upon the facts as the jury find them. The court is not bound by the specific findings of a jury, but may disregard such findings when they are clearly against the evidence, and find the facts as shown by the evidence. (*Brady v. Yost, supra.*)

For the reasons given we have reached the conclusion that the action of the trial court in denying appellant's motion for a new trial was proper, and the order is therefore affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.