(No. 5252.   January 31, 1930.)

C. F. JOHNSON, Respondent, v. JOHN NIICHELS and ELIZABETH NIICHELS, Appellants.

[284 Pac. 840.]

Turner K. Hackman, for Appellants.

656

Porter & Taylor, for Respondent.

GIVENS, C. J.—Respondent brought two separate actions against appellants; the first alleged in substance that appellants, as lessees from respondent, had breached the terms of a crop share lease of farm lands in certain designated particulars, and that appellants unless restrained would sell and incumber the crop for the year involved, in which crop respondent by reason of the lease claimed an interest; also claimed by reason of the breach of the lease the right to repossession of the premises, asked for a receiver, damages because of depreciation in and loss of crop, and his share of the crop grown. Appellants entered general denials and in a cross-complaint and counterclaim alleged respondent had not complied with the terms of the lease, all of which respondent denied.

Respondent's second action sought foreclosure of a chattel mortgage, given in connection with the lease. Appellants, by cross-complaint and counterclaim set up respondent's breach of the lease, and asked for damages arising therefrom. The two cases were consolidated for trial by stipulation of the parties. The case was tried before the court and a jury who were called upon to answer certain interrogatories, after which the court made and filed its findings of fact which did not follow the findings of the jury, and made and entered judgment on his findings of fact and conclusions of law, in favor of plaintiff, from which judgment this appeal is prosecuted.

It is appellant's contention that the jury's answers to the interrogatories submitted to them amounted to a special verdict, and they assign as error the court's refusal to enter judgment on this special verdict of the jury, by which action the court deprived appellants of a jury trial guaranteed by the Constitution. Appellants argue that having asserted a "primary legal right" in their counterclaim and cross-complaint, they were entitled to a jury trial, while on the other hand respondent contends that the case was an action in equity, the principal relief sought being the foreclosure of a chattel mortgage and the ejectment of defendants from possession of the premises, and that the question of damages was only incidental and not controlling, and did not entitle defendants to a jury trial thereon. Even though damages were asked in the last action cited, other relief, equitable in its nature, was sought and if the damages were incidental, the controlling features of the first were equitable. (*Rees v. Gorham*, 30 Ida. 207, 164 Pac. 88; *Cleland v. McLaurin*, 40 Ida. 371, 232 Pac. 571.) Clearly the second action was equitable. (*Rees v. Gorham, supra.*)

Considering appellants' contention that the court erred in ignoring the verdict of the jury on all issues involving appellants' counterclaim and by making his own findings of fact, a study of the record, and particularly that part of the record wherein the discussion of counsel and the court with respect to the nature of the actions and the

purposes of the jury are set out, we are satisfied that there was no understanding. that the jury was to sit in other than an advisory capacity. In that part of the record furnished, when plaintiff contended that this was an equity action, while the defendant declared that he understood that it was an action at law, the court declared that he did not know and that they would see as they went along in the case. This question certainly was not settled at that time. A complete record of the proceedings before the trial court was not furnished on this appeal and we have not been apprised of what definite conclusion was reached on this point, and we must conclude from the court's action that an understanding had been reached that the jury was to serve in an advisory capacity. Certainly appellants did not at the outset of the trial insist upon a definite understanding that the two causes of action should be kept separate and treated under the practice outlined in *Penninger Lateral Co., Ltd., v. Clark,* 22 Ida. 397, 126 Pac. 524, and *Hudson v. Kootenai Fox Farms Co.,* 47 Ida. 58, 272 Pac. 704; with the trial court considering the consolidated case as an equity matter, appellants may not now be heard to complain that the court disposed of the action as an equitable action. (*Frank v. Frank,* 47 Ida. 217, 273 Pac. 943.)

It is the settled rule of this court that a defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon. (*Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108.) Also, in *Burke Land etc. Co. v. Wells Fargo & Co.,* 7 Ida. 42, 60 Pac. 87, 91, this court said:

"A court of equity, having obtained jurisdiction of a cause for any purpose, may retain it for all purposes, and proceed to a determination of all of the matters in issue."

We conclude, therefore, that appellants' contention in this respect is without merit, and that this was primarily an equity action and appellants were not entitled to a jury trial upon counterclaims of a legal nature.

Appellants take the position, and devote much space in their brief, to the argument that art. 5, sec. 1, of the

Constitution, which provides that distinctions between actions at law and suits in equity are prohibited, and that "the fact at issue shall be tried by order of court before a jury," guarantees the right to trial by jury in equity actions as well as actions at law. The foregoing article and section of the Constitution was brought to the attention of this court and ruled upon quite definitely in the case of *Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211, 212. In discussing the provisions of sec. 7, art. 1, and sec. 1, art. 5, of the Constitution of Idaho, the court said:

"It is the settled doctrine in a number of states having constitutional provisions similar to those above cited that those provisions must be read in the light of the law existing at the time of the adoption of the constitution. Said provisions were not intended or designated to extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution. . . . . The guaranty that 'the right to trial by jury shall remain inviolate' has no reference to equitable cases."

And again in *Portneuf Irr. Co., Ltd., v. Budge*, 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 1046, 1049, this court said:

"The constitutional guaranty of the right to trial by jury is clearly a guaranty of the right that existed at the time of the adoption of the constitution; that right was the common-law right." (See, also, *In re Dawson*, 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146.)

Appellants further urge that the last paragraph of sec. 1, art. 5, of the Constitution was taken from art. 4, sec. 1, N. C. Constitution, and that it had been construed by the North Carolina courts prior to the adoption of our Constitution as giving the right to a jury in equitable as well as law actions, and that under the doctrine that when a statute or constitutional provision is adopted from another state, the construction placed by the courts of such state upon such statute or constitutional provision is also adopted; and that in *Christensen v. Hollingsworth, supra*, only passive and inferential attention was paid art. 5, sec. 1, and the

decision was really based on art. 1, sec. 7, and that the Christensen case should in any event be overruled.

This court, however, definitely ruled in the Christensen case that the above constitutional provisions were not intended to extend the right of trial by jury to equity cases. Nor does the opinion in the Christensen case indicate that sec. 1, art. 5, was not fully considered in connection with the point here involved. This proposition has been adhered to in a number of later decisions (*Brady v. Yost,* 6 Ida. 273, 55 Pac. 542; *People v. Burnham,* 35 Ida. 522, 207 Pac. 589; *Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391; *Rees v. Gorham, supra; State v. Kelley,* 39 Ida. 668, 229 Pac. 659) and it will not now be said by this court that the right to trial by jury is guaranteed in equity cases as well as law, but that defendant in an equity case is not entitled to a jury trial as a matter of right.

Findings of a jury in an equity case are only advisory, and may be adopted, or amended and adopted as the findings of the court, or the court may make its findings independent of the findings of the jury. (*Pritchard v. Butler,* 4 Ida. 518, 43 Pac. 73; *Brady v. Yost, supra; Gordon v. Lemp,* 7 Ida. 677, 65 Pac. 444; *Curtis v. Kirkpatrick,* 9 Ida. 629, 75 Pac. 760; *Rees v. Gorham, supra.*)

We conclude, therefore, that this was an equity action; that appellants were not entitled to a jury trial as a constitutional right; that the jury acted merely in an advisory capacity and the court was privileged to adopt or reject the findings of the jury; and that reversible error is not shown in the record.

The judgment is affirmed. Costs to respondents.

Budge, Lee and Varian, JJ., concur.

Petition for rehearing denied.