222 P.2d 1080

## FOGELSTROM v. MURPHY et al.

### No. 7587.

Supreme Court of Idaho.

Oct. 3, 1950.

490

J. H. Felton and William J. Jones, Lewiston, for respondent.

Whitla & Knudson, Coeur d'Alene, for appellants.

PORTER, Justice.

On and prior to June 3, 1948, appellants were engaged in sawmill and woods work business in Latah County. Their heavy indebtedness was affecting their ability to operate. On the mentioned date, they entered into a "loan agreement" with respondent. By the terms of such agreement, respondent agreed to immediately advance to appellants the approximate sum of $29,000.00 to apply on their indebtedness and to make further advances for the use of appellants in their business and in carrying out the terms of the loan agreement. The loan agreement also contained numerous provisions governing the handling of the products of the business and purchase of same by respondent. To secure these advances and the performance of the other terms of the loan agreement, appellants executed a chattel mortgage covering all their personal property including their sawmill and machinery and equipment used in the operation of their business. Also, as like security, appellants executed a real estate mortgage on a considerable body of land situated in Latah County.

On October 22, 1948, respondent commenced this action for the foreclosure of such real and chattel mortgages. By his complaint, respondent alleged that appellants were in default under a number of provisions of the loan agreement and that there was a balance due and owing respondent of $27,744.71 with accumulated interest. At the time of filing the complaint, respondent moved for and secured the appointment of a receiver on the ground of the insufficiency of the security and as provided for in the chattel mortgage. Questions concerning the appointment of the receiver have been heretofore before this court. See Murphy v. McCarty, 69 Idaho 193, 204 P.2d 1014.

Appellants filed their answer denying that they were in default in the particulars set out in the complaint or at all under the terms of the loan agreement, and affirmatively alleged that respondent was in default. Appellants, at the same time, filed their cross complaint wherein they alleged they had been damaged in the sum of $70,000.00 by reason of the alleged wrongful appointment of the receiver.

The cause was tried to the court sitting without a jury. The court found on the issues in favor of respondent; found that there was due and owing respondent the sum of $27,413.57 with accumulated interest and attorneys' fees; and entered a judg-

ment of foreclosure. From such judgment, appellants have duly appealed to this court.

In their points and authorities and in the statement of the case in their brief, appellants complain of the action of the attorneys for respondent in representing respondent in this litigation for the reason that such attorneys represented appellants in the preparation of the loan agreement. However, the record does not disclose that any motion or objection was made to the trial court objecting to the appearance of such attorneys in behalf of respondent. There was no ruling by the trial court on such question and there is no assignment of error pointing out where any error was committed by the trial court in this respect. There is nothing before this court for consideration in such matter.

Appellants have set out 17 assignments of error. By assignments of error Nos. I and II, appellants contend that the court erred in denying the motion of appellants for a trial of the issues of fact under the cross complaint before a jury; which motion was made at the opening of the trial and repeated at the conclusion of plaintiff's case. The complaint in this case sets out an equitable action in foreclosure. The cross complaint sets out a counterclaim for damages. In Dover Lumber Co. v. Case, 31 Idaho 276, at page 284, 170 P. 108, at page 110, this court quoted with approval from 24 Cyc. pp. 126, 127 as follows: "The fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial. * * * In the absence of a statute a defendant who pleads a counterclaim in an equitable action is not entitled to a jury trial of the issues arising thereon, notwithstanding the cross-demand constitutes an independent cause of action upon which a separate action might have been brought and a jury trial demanded."

This court then expressly overruled Robertson v. Moore, 10 Idaho 115, 77 P. 218, and Sandstrom v. Smith, 12 Idaho 446, 86 P. 416, in so far as they seem to announce a contrary doctrine.

In Johnson v. Niichels, 48 Idaho 654, at page 659, 284 P. 840, at page 842, it was held that, "It is the settled rule of this court that a defendant, who pleads a counterclaim in an equitable action, is not entitled, as a matter of right, to a jury trial of the issues arising thereon."

The constitutional guarantee that "the right to trial by jury shall remain inviolate" has no reference to equitable cases. Johnson v. Niichels, supra; Portneuf Irrigating Co., Ltd., v. Budge, 16 Idaho 116, 100 P. 1046, 18 Ann.Cas. 674; Christensen v. Hollingsworth, 6 Idaho 87, 53 P. 211, 96 Am.St.Rep. 256.

Equity having obtained jurisdiction of subject matter of a dispute, will retain it for settlement of all controversies between the parties with respect thereto. Finlayson v. Waller, 64 Idaho 618, 134 P.2d

1069; Johnson v. Niichels, *supra*; Gillette v. Oberholtzer, 45 Idaho 571, 264 P. 229; Burke Land etc., Co., v. Wells Fargo & Co., 7 Idaho 42, 60 P. 87.

We find nothing supporting appellants' contention in Hudson v. Kootenai Fox Farms Co., 47 Idaho 58, 272 P. 704, cited and relied upon by appellants.

 Appellants' assignments of error Nos. III, IV, V, VI, IX, X, XI, XII and XIII, challenge the sufficiency of the evidence to support the court's findings of fact. The first 90 pages of appellants' brief, being appellants' statement of the case, and appellants' argument are largely devoted to a discussion of appellants' conclusions from conflicting evidence as to the facts rather than to pointing out where the court's findings of fact are not sustained by substantial evidence. It is the function of the trial court to find the ultimate facts from conflicting evidence and if the trial court's findings are sustained by competent, substantial, though conflicting evidence, they will not be disturbed on appeal. Hancock v. Halliday, 70 Idaho ——, 220 P.2d 384 and cases cited.

 A careful check of the record discloses that each of the trial court's findings of fact is sustained by substantial, though at times, conflicting evidence. The record is voluminous and it would unduly burden this opinion to set out such findings and their sustaining evidence.

 Appellants urge that respondent was not entitled, as a matter of law, to credit for certain charge-backs made by the Lumber Companies where respondent marketed the lumber. The loan agreement provides that all lumber produced by the mill is sold to respondent at the time produced and delivered to him in proper piles in the mill yard. The prices fixed are for merchantable lumber. The loan agreement does not provide the method for determining the amount of merchantable lumber. In practice, the lumber was hauled by truck from the mill yard by respondent's employees to the purchasing companies. There it was scaled at the time of unloading and duplicate tickets issued, one going to respondent and one to appellants. Thereafter, the purchasing companies made certain deductions from the amount of lumber received as not being merchantable due to defective and skimpy sawing. Part of such unmerchantable lumber was accepted at a lower size and part was returned to the sawmill. Granting the position of appellants that the lumber became the property of respondent at the sawmill, the final determination of the amount of merchantable lumber was not actually completed until the lumber had been graded by the purchasing mills. The trial court did not err in allowing respondent the credits in question.

Assignment of error No. VIII merely challenges the right of respondent to recover any amount for attorneys fees on the theory that respondent was not entitled to a decree of foreclosure. Assignments of

error Nos. XIV, XV, XVI, and XVII challenge the court's conclusions of law that respondent was entitled to a decree of foreclosure and the entering of judgment to that effect. They are without merit.

 In assignment of error No. VII, appellants contend the court erred in making finding of fact No. VIII. Such finding of fact recites that one Frank Matz was appointed receiver during the month of October, 1948, and has acted as such receiver since that time; that upon the trial plaintiff offered to prove the costs and expenses of the receiver; that objection was made on the part of defendants and the court requested to allow them to be heard separately in regard to receiver's costs; and that upon request of defendants, the court ruled that the receiver should, after the judgment in the case, render to the court his accounting and that such accounting should be separately settled. The action of the trial court in this respect was at the specific request of appellants as shown by the record. They are not now in a position to question such action.

After the trial of the main case, the receiver filed his report and account. The matter was set down for hearing and a trial had thereon. From the court's judgment settling the account of the receiver, appellants have appealed. Nowhere in their assignments of error have appellants set out wherein the court erred in settling the receiver's account. There is some objection in the argument in appellants' brief as to certain items allowed by the court. However, only a portion of the testimony and proceedings at the hearing on the receiver's report and account was taken in shorthand and appears in the transcript. We, therefore, cannot determine whether or not the evidence was insufficient to support the court's findings on such items; and, in the absence of a record of such evidence, we must presume that the evidence was sufficient to support the findings of the court.

The judgment of the trial court is affirmed. Costs awarded to respondent.

GIVENS, C. J., TAYLOR, J., and SUTTON and GLENNON, District Judges, concur.