(December 5, 1906.)

## PETER LINDSTROM, Respondent, v. HOPE LUMBER COMPANY, Appellant.

### [88 Pac. 92.]

PLEADING—STIPULATION—REPORT OF REFEREE—TIME FOR OBJECTION TO REPORT—ASSESSMENT OF DAMAGES BY THE JURY.

1. Where the issues joined by the pleadings cover a claim for injury and damages suffered under a given and specific contract, and when the parties come to making their proofs before a referee, they stipulate and agree that "a full and complete accounting of all the matters and things between plaintiff and defendant shall be had and taken" under another and separate contract and transaction, "the same as if it were a part of the complaint," the losing party cannot be heard on appeal to complain of the evidence and findings touching such new issue as being outside of the issues made by the pleadings.

2. Where the respective parties have stipulated and agreed to the appointment of a referee to take testimony and report the same to the court, and they make no demand for a jury, they will be deemed by such act to have waived a jury, even if the case were one in which they would otherwise be entitled to a jury trial.

3. Where the record fails to show when the report of a referee was submitted to the court, but does show that the last testimony was taken by him over eighteen months prior to the date of filing the report, and that the attorneys for both sides were present at all the hearings before the referee, and the court makes and files his findings and judgment on the same date on which the report is filed, the losing party will not be heard on appeal to complain that he had no time or opportunity to move against the report or any part thereof, or to move to purge the evidence submitted by the report. In such case the losing party is not free from negligence and laches.

4. Where by consent of both parties evidence is taken touching differences not covered by the issues, and no objection is made thereto prior to findings and judgment, the pleadings will be treated on appeal as if they had been so amended as to make the issues covered by the proofs.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County.  Hon. Ralph T. Morgan, Judge.

Action by plaintiff for an injunction and damages.   Judgment for plaintiff.   Defendant moved for a new trial and the motion was denied.   Appeal from the judgment and order. *Affirmed.*

Edwin McBee, for Appellant.

This is an action in equity to restrain interference by the defendant with plaintiff's contract.   The object of the reference, therefore, must have been to enable a report to be made to the court as to the advisability of granting the injunction, and the question of damages would be another consideration and one which would require the introduction of a jury.   The rule governing such actions in this state is laid down in the case of *Stocker v. Kirtley,* 6 Idaho, 795, 59 Pac. 891, as follows: "The complaint states but one cause of action, and the claim for damages is incidental to that.   The court should have tried the equitable part of this action, and thereafter, if a jury was demanded to try the issue of damages, submitted that question to a jury."   In this case no opportunity was given to demand a jury trial, but immediately on the filing of the report of the referée, findings and judgment were entered for the plaintiff in a sum of $1,500 in excess of the amount sued for.

The order of reference was not in accordance with any statutory proceedings; it was not entered upon the agreement of the parties in writing, filed with the clerk, or entered in the minutes as provided in section 4414, Revised Statutes; nor was it by order of the court as provided by section 4415, Revised Statutes.   The order of reference only provides that the referee is to report evidence to the court or judge, and does not in any way refer to the fact that it is agreed that a money judgment may be entered on the referee's report.

Chas. L. Heitman, for Respondent.

There is no rule of practice in the courts of equity requiring the intervention of a jury.   The court may submit an is-

sue of fact to a jury, but when it does so the verdict is merely advisory and not binding upon the court. And a court of equity having jurisdiction of a case for one purpose will retain jurisdiction of the case for all purposes. (1 Pomeroy's Equity Jurisprudence, secs. 180, 181; *Hart v. Brown,* 27 N. Y. Supp. 74, 6 Misc. Rep. 238; *Hanley v. Watterson,* 39 W. Va. 214, 19 S. E. 536; *Price v. Oakfield etc. Co.,* 87 Wis. 536, 48 N. W. 539, 24 L. R. A. 333.)

Under sections 2223, 3237, 3238 and 3243, Code of Civil Procedure, it was competent and proper for the court to render judgment in accordance with the evidence in the case, as made and tried by the parties, and to treat the pleadings as amended for that purpose. It is the rule that where evidence is introduced without objection, the pleading will be considered amended to correspond with the facts proven, and the judgment will be based upon the evidence. (*Heater v. Penrod* (Neb.), 89 N. W. 762; *Enix v. Iowa Cent. R. Co.,* 114 Iowa, 508, 87 N. W. 417; *St. Louis etc. R. Co. v. Keller,* 10 Kan. App. 480, 62 Pac. 905; *Savings Bank v. Barrett,* 126 Cal. 413, 58 Pac. 914; *Sengfelder v. Insurance Co.,* 5 Wash. 121, 31 Pac. 428.)

Any variance between pleading and proof must be taken advantage of at the trial, and cannot be considered on appeal. (*Pryor v. Worford* (Ky.), 54 S. W. 838; *Jacobs v. Marks,* 183 Ill. 533, 56 N. E. 154; *Choquette v. Southerland R. Co.,* 152 Mo. 257, 53 S. W. 897.)

No variance between the pleadings and proof is material unless the adverse party has been actually misled to his prejudice, in maintaining his action or defense upon the merits. (*Wilcox Lumber Co. v. Ritteman,* 88 Minn. 18, 92 N. W. 472; *People's Nat. Bank v. Miles,* 65 Kan. 122, 69 Pac. 164.)

An amendment of pleadings will be implied where evidence is introduced without objection, and the case tried as if the proof as made was covered by the pleadings. (1 Ency. of Pl. & Pr. 641.)

Appellant was not in any way injured by the introduction of the evidence in this case on account of the state of the

pleadings, and the rule is that the party to avail of any such supposed injury must present the matter at the trial, and show that he would be injured by the introduction of proof, and if he does not do so, then he never can. (*Hewitt v. Maize*, 5 Idaho, 633, 51 Pac. 607; *Hawkins v. Pocatello Water Co.*, 3 Idaho, 776, 35 Pac. 711; *Aulbach v. Dahler*, 4 Idaho, 322.)

AILSHIE, J.—This action was commenced in the early part of 1902 to secure an injunction and for damages in the sum of $2,000. The defendant demurred and the demurrer was overruled; it thereafter answered, and by agreement of counsel for the respective parties the case was referred to a referee to take the evidence and report to the court. The referee commenced to take testimony on the fourteenth day of June, 1902, and evidence appears to have been taken in Spokane, Washington, as late as the seventh day of June, 1904. It was not filed in court, however, until the second day of February, 1906. On the date on which the referee's report was filed, the district judge made and filed his findings of fact and conclusions of law, and ordered judgment in favor of the plaintiff for the sum of $3,500, and thereupon entered judgment accordingly. The defendant moved for a new trial and appealed from the judgment and order denying its motion. It appears that the plaintiff, Lindstrom, had two logging contracts with the appellant, the Hope Lumber Company, one known as the Kootenai contract and the other as the Pack river contract. The Kootenai contract was entered into on the twenty-fourth day of October, 1901, and by its terms Lindstrom agreed to cut, skid and bank in Kootenai slough all the white pine, fir and tamarack saw timber growing on a certain tract of land at a fixed price per thousand feet. Lindstrom began by building roads and laying in supplies and material for carrying out his contract, and during the meanwhile was purchasing considerable of his supplies from Butler & Culver of Sand Point. At the end of each month he paid his bill to Butler & Culver by check issued by the Hope Lumber Company. The last payment made

was about the first of November. When he failed to make his payments, one of the firm of Butler & Culver interviewed the president of the Lumber Company, Mr. Field. Field endeavored to get Butler & Culver to carry the account, but at the same time told them that "Lindstrom was running behind, that he did not know whether he was going to get the logs out or not, and that perhaps they would have to take charge of the camp themselves." He also informed them that the company was "afraid Pete was coming out behind," etc. Some two or three such interviews took place between Mr. Butler of the Butler & Culver Company and Mr. Field of the Hope Lumber Company, and the result was that on the twenty-seventh day of January, 1902, Butler & Culver sued Lindstrom for about $2,325, and caused an attachment to issue and be levied upon his property including supplies, bunkhouse, tools, horses, and one million one hundred thousand feet of logs. This property was taken possession of by the sheriff, and immediately thereafter the Hope Lumber Company instituted an action in replevin against the sheriff claiming all this property as belonging to the company. They gave a replevin bond and took possession of the property. The respondent Lindstrom thereupon commenced this present action against the Hope Lumber Company, charging that all the property replevied belonged to him except the sawlogs, and that for those he was entitled to the price per thousand feet agreed upon for his service in cutting, skidding and banking them. He charges by his complaint that the company by taking this property from him under a replevin proceeding was preventing his carrying out and completing the contract, and had damaged him to the extent of the value of the property they had taken and also to the extent of the profit that he could have reasonably realized from the completion of his contract. The order of reference in this case was made by the agreement and consent of both parties to the action, and in the order we find the following paragraph: "It is further ordered that the said hearing, at the option of counsel for either side engaged therein, shall embrace a full and complete inquiry into all of the contracts, business and

accounts that have arisen or are existing between the parties to said action arising out of the contract set forth in plaintiff's complaint.'' At the hearing before the referee, the counsel for the respective parties entered into the following stipulation: ''It is stipulated and agreed by and between the parties herein that a full and complete accounting of all the transactions between plaintiff and defendant covering the contract known as the 'Pack River Contract,' being considered the same as if it were a part of the complaint, a full and complete accounting of all the matters and things between plaintiff and defendant shall be had and taken, defendant reserving the right to introduce subsequent testimony in reference to damages stated in its answer.

'' Counsel agree that the contract mentioned in the complaint is the Kootenai Contract, and by stipulation, the contract known as the 'Pack River Contract' is here now introduced in evidence, marked Plaintiff's Exhibit 'A.' ''

Accordingly the evidence taken by the referee covered the contract and transaction known as the ''Pack River Contract,'' and while there was no amendment of the pleadings, the order of reference and this stipulation were treated by the parties and the court as an amendment to the pleadings to the extent of covering all the business and transactions included in the other contract.

The first assignment of error made by appellant is directed against the action of the court in overruling defendant's demurrer. The grounds of the demurrer were: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That there is a misjoinder of parties defendant in that Butler & Culver and Charles Dyer (the sheriff) were not joined as defendants; 3. That the complaint is ambiguous, unintelligible and uncertain. We do not think there was any error in overruling this demurrer. The complaint states a cause of action. On its face it does not show any reason why Butler & Culver or Dyer were necessary parties defendant. A suit for injunction should be commenced and prosecuted against the real party who is committing the wrong. It was not necessary for the plaintiff to join any other persons who

may have in the meanwhile had possession of his property, either rightfully or wrongfully, in an action to recover the property, or its value, and damages for its wrongful taking or withholding. It is true these parties would have been proper parties to the action, and upon the application of the defendant an order might have been entered requiring them to be brought in and made parties.

The complaint contains a great deal of argumentative matter that has no proper place in a pleading, but upon the whole it is sufficiently certain and definite to put the defendant to its answer.

Appellant assigns as error the action of the court in making and entering findings and judgment on the same day on which the referee's report was filed. It is urged by appellant that he had no time or opportunity to object to the report or any of the evidence, or to move to purge the testimony as reported by the referee. It is true that both parties were entitled to a reasonable time in which to move against this report or any part thereof, and to object to any of the evidence it contained. While it does not appear to have been filed until the day on which the findings were made and entered, it does appear that the last evidence was taken a year and a half prior to the filing of the report. This report was somewhere during that time, and if not in the hands of the judge, it was the duty of the litigants to see that it was submitted to him, and that some action be taken looking to the closing up of this suit. Attorneys for both sides had been present from time to time during the taking of testimony and knew its contents, and we think eighteen months was long enough for either party to move against any improper evidence contained in the report, and also time enough to submit any findings that they desired the judge to make.

Plaintiff assigns the action of the trial court in assessing damages and entering judgment thereon without submitting the question of damages to a jury, as error, and in support of that assignment cites *Stocker v. Kirtley,* 6 Idaho, 795, 59 Pac. 891. In that case this court in a *dictum* held that where a demand was made for a jury to assess damages in an equity

case, the court should have submitted the question to a jury. In that case however, this court evidently meant to say that the trial court *may* submit the issue of damages to a jury instead of saying it *must* do so. (See *Christensen v. Hollingworth,* 6 Idaho, 87, 96 Am. St. Rep. 256, 53 Pac. 211; *Burke Land & C. Co. v. Wells Fargo & Co.,* 7 Idaho, 42, 60 Pac. 87.) This is a very different case. Here there was not only no demand made for a jury, but we consider that the action of the defendant amounted to an effectual waiver of a jury. Defendant stipulated and agreed to the submission of all the differences in controversy between the parties to a referee, and agreed that the referee should hear the evidence on all questions and report the same to the court. We think this amounted to a waiver of a jury. Certainly the parties were not intending to take evidence and have it reported to the court with the expectation of the court calling a jury to hear such evidence read and assess damages. The remaining assignments of error are directed against the findings of fact and conclusions of law made by the court. The action was originally commenced to secure an injunction restraining the defendant from interfering with plaintiff and his property so as to prevent him carrying out and completing his contract for cutting, skidding and banking saw timber, and for damages as an incident to the main action. Before the case ended, however, it seems to have resolved itself into a suit for accounting and damages resulting from the wrongful seizure of certain of plaintiff's property in replevin. This transformation does not appear to have met with any protest or opposition from appellant until the case is brought to this court on appeal. Now, this latter condition of the issues cannot be gathered from the complaint and answer, but rather from the stipulation entered into by the attorneys at the time of taking proofs and the class and character of evidence actually submitted, apparently without any objection on either side. The findings were evidently drawn in line with the evidence submitted, and on the theory that the issues had been made which the evidence tended to establish. There is evidence in the record tending to establish each fact

found by the trial court, and the most that can be said of it from plaintiff's standpoint is that there is a substantial conflict, and under the established rule of this court in such cases the findings of the trial court could not be disturbed. This case is a very apt illustration of the danger and unwisdom of parties disregarding the established rules of pleading and amendments of pleadings and introduction of evidence. Here both parties seem to have agreed, irrespective of the condition of the pleadings, to let in all the evidence they had touching any matter of difference between them, whether pleaded or not. Litigants who are parties to this method of submitting differences and trying issues are left, as a result, in an unfavorable position for the purpose of presenting errors and grievances to an appellate tribunal. Appellant should not now be heard to complain of a condition to the existence of which it consented and contributed. In face of the stipulations entered into, one apparently in open court and the other before the referee, we must assume that every fact was at issue concerning which evidence was submitted. The record is neither assuring nor satisfactory as to the fifteen hundred dollar item allowed as damages alleged to have been caused by defendant preventing plaintiff from carrying out his contract. There is some evidence in the record, however, tending to support this finding, and in view of the condition in which we find the case we are constrained to confirm the judgment, and it is so ordered. Costs awarded in favor of respondent.

Stockslager, C. J., and Sullivan, J., concur.

### ON REHEARING.

(January 5, 1907.)

STOCKSLAGER, C. J.—Appellant filed its petition for rehearing in this case. We find nothing urged in the petition that was not considered by the court in disposing of the case on the original hearing. A rehearing is denied.

Ailshie, J., and Sullivan, J., concur.