## STOCKTON v. OREGON SHORT LINE R. CO.

(Circuit Court, D. Idaho. April 29, 1909.)

1. QUIETING TITLE (§ 35*)—ACTIONS—CONSTRUCTION OF PLEADING.

An allegation, in a bill or complaint to quiet title, that the plaintiff "has been and now is the owner seised in fee and entitled to the possession of" the premises in suit, by implication is an assertion of plaintiff's possession, and, so construed, is sufficient to support a suit in equity under the settled rule of the federal courts.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 73, 74; Dec. Dig. § 35.*]

2. REMOVAL OF CAUSES (§ 23*)—SUITS REMOVABLE—STATUTORY ACTION TO DETERMINE TITLE.

An action brought in a state court under Rev. Codes Idaho, § 4538, which provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim," is removable into a federal court where the citizenship and amount involved are such as to give that court jurisdiction. Such actions, while in all cases the same in form under the code procedure, may be essentially either equitable or legal, depending upon the facts in each particular case, which question must be determined by the court, whether state or federal, at some stage of the case, since, if legal, the right to trial by jury is guaranteed by the state Constitution, and must be awarded in the state as in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 23.*]

3. REMOVAL OF CAUSES (§ 118*)—PROCEEDINGS—REPLEADING.

The right of removal is not to be determined by the form of action in the state court, but by the essential character of the case, and, regardless of form, the cause is removable if the federal court has jurisdiction upon either its equity or law side, and it may require the plaintiff to replead accordingly.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 250; Dec. Dig. § 118.*]

On Demurrer by Defendant and Motion by Plaintiff to Remand to State Court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. A. Sessions, for plaintiff.

P. L. Williams and D. Worth Clark, for defendant.

DIETRICH, District Judge. This action was commenced in the state district court, and, upon petition of the defendant, was removed to this court. Here the defendant filed a demurrer challenging the jurisdiction of the court, and also the sufficiency of the complaint to entitle the plaintiff to any relief. Shortly thereafter the plaintiff filed a motion to remand, upon the broad ground that this court has no jurisdiction. Certain general questions are thought to control both the demurrer and the motion, and they have been submitted, and will be considered, together.

The plaintiff alleges that he is a resident of Idaho, and that the defendant is a corporation organized under the laws of the state of Utah; "that for ten years or more last past the said plaintiff has been, and now is, the owner, seised in fee, and entitled to the possession of, certain pieces, parcels, or tracts of land, situate in the village of Parma, Canyon county, state of Idaho," the lands being particularly described. It is further alleged that the defendant "claims ownership of said described lands, and an estate or interest in said pieces, parcels, or tracts of land, adverse to said plaintiff, which said claim is without right; that the said defendant has no estate, right, title, or interest in and to said lands." It is further alleged that, by reason of the adverse and unlawful claims of the defendant, plaintiff is damaged in the sum of $1,950, "that being the value of said lands." Plaintiff prays that defendant be required to set forth the nature of its claims, and that by the decree of the court it be adjudged that the plaintiff is the owner of the premises, and that the defendant has no estate or interest therein; and that the defendant be forever barred from asserting any claim thereto. There is also a prayer for general relief.

In its petition for removal, the defendant sets up the requisite diversity of citizenship, and also shows that the value of the matter in dispute exceeds $2,000. Assuming that it is a suit in equity, the defendant, on demurrer, makes the point that the plaintiff has not alleged his possession of the premises, and that, therefore he does not exhibit facts sufficient to entitle him to equitable relief, reference being made to the general rule in equity that a complainant in a suit to quiet title must be in possession of the premises in controversy. The point made upon motion to remand is that, assuming the defendant's construction of the complaint to be correct, the bill should not be dismissed, but the cause should be remanded to the state court, where, under the Code, there is but one form of civil proceeding, and where, therefore, the complaint states a cause of action of which the court has jurisdiction. The complaint is said to have been drawn with reference to section 4538 of the Revised Codes of Idaho, which provides that:

"An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

The position of the plaintiff seems to be that this statute confers upon a plaintiff rights which cannot be administered in a federal court, and that, therefore, an action brought thereunder in a state court is not removable. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804; Gombert v. Lyon (C. C.) 80 Fed. 305. In maintaining the position here, plaintiff assumes the facts to be that he is not, and the defendant is, in possession of the premises; and that, in the state court, this was a suit in equity. There is, however, in the record no direct averment of possession. In the complaint it is alleged that the plaintiff "has been and now is the owner, seised in fee, and entitled to the possession," of the premises. By implication this language is to be deemed to be an assertion of the plaintiff's possession. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725; Simmons Creek Coal Company v. Doran, 142 U. S. 449, 12 Sup. Ct. 239, 35 L. Ed. 1063. So construed, the complaint states facts sufficient to entitle the plaintiff to relief in equity, under a well-settled rule of the federal courts. Lawson v. United States Mining Company, 207 U. S. 1, 28 Sup. Ct. 15, 52 L. Ed. 65.

But taking a less liberal view of the complaint, if it be held that it does not disclose possession in the plaintiff, it must be conceded that the possession is not shown in either party; neither positively nor inferentially does it appear that defendant has possession. Upon such a construction of the pleadings, the questions submitted are ruled by Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52. In either alternative, therefore, the complaint exhibits a case of equitable cognizance of which the federal courts have jurisdiction, and it follows that both the motion and the demurrer should be overruled.

In this view of the record, further discussion might properly be dispensed with, but the suggestion in the briefs of both parties that the actual facts in relation to the possession of the premises are not fairly disclosed by the complaint leads me to submit some observations upon the general question of the effect of the Idaho statute above quoted upon the jurisdiction of this court. There is no need to enter upon an explanation of the conditions out of which this and similar enactments have grown, or of the general purpose and scope thereof; the admirable exposition of the entire subject by Justice Field in Holland v. Challen, supra, leaves nothing to be added. Whether the statute be considered as operating only upon the remedy or as creating a new cause of action, the substantial result is that parties are enabled to have adjudicated certain controversies of which, without the statute, the courts could not take cognizance. It is not doubted that the state courts may protect the rights thus conferred and afford proper relief. For what reason is a federal court incompetent to administer like relief, both in proceedings there originally commenced, and in causes removed from the state courts? By Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), as amended, the Circuit Courts of the United States are given original cognizance, concurrent with the courts of the several states, "of all suits of a civil nature," at common law or in equity, where the matter in dispute exceeds $2,000 in value, and where there is a con-

troversy between citizens of different states. Where such a suit is commenced in the state court against a nonresident, the statute confers upon him the right to remove the same into the proper Circuit Court of the United States. Admittedly, an action brought within the terms of the state statute is a "suit of a civil nature," and if the nonresident defendant who seeks the removal thereof is to be denied a right which the federal statutes, in the most general terms, seem to confer, it ought to be only for substantial reasons involving the inability of the court to administer the law and to do justice between the parties.

The reason assigned for the supposed impotency of the federal courts as compared with the state tribunals is that in the former there is retained the distinction between actions at law and suits in equity, whereas in the state courts there is but one form of civil action. Section 1 of article 5 of the Constitution of Idaho provides that:

"The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, are hereby prohibited, and there shall be in this state but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action."

This provision, however, relates only to distinctions of form and differences of procedure; it does not purport to abolish or even to alter those fundamental principles of law and of equity which are recognized in all courts. As was said in Dewey v. Schreiber Implement Company, 12 Idaho, 280, 85 Pac. 921:

"We recognize the fact that the distinction between suits in equity and actions at law has been prohibited, and that in this state there is but one form of action for the enforcement or protection of private rights or redress of private wrongs, which is denominated as a 'civil action.' That, however, does not abolish the rules of law or rules of equity; they remain, although the distinction between actions at law and suits in equity, and the forms of such actions and suits, are prohibited by our Constitution."

There is but a single kind of action; whatever be the nature of the relief sought, the form of the pleadings is the same; the complaint must contain a statement in ordinary and concise language of the facts constituting the cause of action; that is the only requisite. But it does not follow that the state courts, to any greater degree than the federal courts, are relieved from the necessity of determining whether the cause is essentially an action at law or a suit in equity. The inquiry may arise later in the state than in the federal court, but it is equally inevitable. Section 7 of article 1 of the Constitution of Idaho guarantees that "the right of trial by jury shall remain inviolate"; and in section 1 of article 5 it is provided that "feigned issues are prohibited, and the fact at issue shall be tried by order of court before a jury."

These constitutional provisions have been construed by the Supreme Court of the state, and it is held that they guarantee the right of trial by jury only in actions at law, and that they have no application to suits in equity. Christensen v. Hollingsworth, 6 Idaho, 87, 53 Pac. 211, 96 Am. St. Rep. 256; Shields v. Johnson, 10 Idaho, 476, 79 Pac. 391. In an action at law, therefore, either party may, as of right, demand that all issues of fact be submitted to a jury; but in suits

in equity such demand may be refused. While, without regard to form, the facts constituting plaintiff's cause of action may be set forth in ordinary and concise language, the essential distinction between law and equity perdures, and is a controlling consideration upon the vital question whether a party shall or shall not have a jury trial. In the federal courts, where the distinction between actions at law and suits in equity is recognized, it becomes necessary to determine the nature of the proceeding before the pleadings are settled; in the state courts such determination may await the trial.

Is there any general inherent difference between the equitable jurisdiction of the federal courts and that of the state courts? By section 723 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 583) it is provided that:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

But as was said in Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167, this section has never been regarded as anything more than a declaration of existing law. It "was intended to emphasize the rule and to impress it upon the attention of the courts." The same rule, therefore, which limits or defines the jurisdiction of a federal court of equity is controlling in considering the nature of suits in the state courts, except in so far as the rule may have been modified by the laws of the state, enlarging or curtailing such jurisdiction.

It will be noted that the Idaho statute does not in terms purport to enlarge the equitable jurisdiction of the state courts; nothing is said about actions at law or suits in equity; no procedure is prescribed. In general terms it declares the right of a party to have adjudicated any claim to or interest in real property when such claim or interest is controverted or questioned, whatever be its nature. It does not abolish existing remedies either at law or in equity. It embraces all conditions, including those where an action in ejectment or a suit to quiet title or to remove a cloud upon a title would, in the absence of the statute, afford adequate relief. It includes and adds to these ancient remedies. There is no evidence of any intention on the part of the Legislature to abrogate the general rule that suits in equity cannot be maintained where there is a plain, adequate, and complete remedy at law. Nor could such a purpose, if manifest, be sustained. To do so would, in effect, be to nullify the right of jury trial, solemnly guaranteed by the fundamental law of the state. If, the conditions being such that an action in ejectment may be maintained, a party may, instead of bringing such an action, institute a proceeding under the statute, and if all such proceedings are to be regarded as suits in equity, then by a simple bit of legislative legerdemain a defendant may not only be deprived of his right of removal to the federal court, but also of his constitutional right to a trial by jury, for, as we have seen, the Constitution guarantees such right only in actions at law. And, if in litigation of this class the Legislature may at will so extend the equitable jurisdiction of the state courts, no reason is apparent why all other controversies now adjudicated in courts of law may not

in like manner be made the subject of equitable cognizance, to ·the complete exclusion of the right of jury trial.

But, as already suggested, there is no evidence that the Legislature, in enacting the statute under consideration, attempted to exercise such extraordinary power or intended to make such a radical innovation. The enlargement of equitable jurisdiction contemplated by the statute was not in the direction of the field already occupied by courts of law, but of unoccupied territory. The statute does not substitute, it supplements; it provides a remedy where none existed theretofore. In so far as its general language embraces conditions under which an adequate remedy already existed either at law or in equity, it must be held to be declaratory only.

If this view be correct, it follows that no less in the state court, when trial by jury is demanded, than in the federal court, when the propriety or sufficiency of the pleadings is under consideration, there must be an answer to the question whether the cause is essentially an action at law or a suit in equity. The case at hand furnishes a concrete illustration. If it remains in this court, there must be a determination at the outset whether it shall proceed at ·law or in equity. If it is remanded to the state court, it may proceed without such determination up to the time of trial, for in that forum there is but one form of action. But when the defendant demands a jury trial, the precise question must be answered by a reference to substantially the same facts and the same general principles; the question is not simplified because postponed. If it is an action at law, the defendant is entitled to a jury; if a suit in equity, the demand may be refused. Newman v. Duane, 89 Cal. 597, 27 Pac. 66; Park v. Wilkinson, 21 Utah, 279, 60 Pac. 945; Angus v. Craven, 132 Cal. 691, 64 Pac. 1091; Haggin v. Kelly, 136 Cal. 481, 69 Pac. 140; Montana, etc., v. Boston, etc., 27 Mont. 288, 70 Pac. 1114; Id., 27 Mont. 536, 71 Pac. 1005.

What ·substantial reason then can be given for denying the right of removal in cases of this character? What injury will be suffered, or what right will be lost, by the defendant upon removal? If the facts are such that the plaintiff has no plain, adequate, and complete remedy at law, the case would, if it remained in the state court, proceed .to trial and judgment without a jury. If transferred to this court, the court, upon its equity side, could assume jurisdiction, and the suit would likewise· proceed to final decree without the interposition of a jury. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 43 L. Ed. 873; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167; Roberts v. Northern Pacific Railway Company, 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; Lawson v. United States Mining Company, 207 U. S. 1, 28 Sup. Ct. 15, 52 L. Ed. 65; Darragh v. Wetter Manufacturing Company, 78 Fed. 7, 23 C. C. A. 609.

If, upon the other hand, the conditions are such that the plaintiff has a plain, adequate, and complete remedy at law, the cause should be deemed to be an action at law, in which case there would be a jury trial as of right in either court, and the· procedure in the one forum

would not materially differ from that in the other.   Rev. St. U. S. § 911 (U. S. Comp. St. 1901, p. 684).   Some additional burden of pleading may be cast upon the plaintiff by the removal, but that is not an uncommon incident of removal, and cannot be considered a sufficient reason for denying the substantial right conferred by the federal statutes.   Not infrequently it happens that in the state court relief both in equity and at law is sought in the same proceeding, where such practice is warranted by the Codes.   But the inability of the federal court to entertain a complaint in that form has never been regarded as a serious obstacle to removal.   Amended complaints may be filed, one upon the law side and the other upon the equity side of the court.   Cir. Ct. Rule 19.   While pleadings in the federal court are more formal, the procedure in the state court, where, in the same action, both equitable and legal relief is sought, is not without its complications.   Stocker v. Kirtley, 6 Idaho, 795, 59 Pac. 891 ; Robertson v. Moore, 10 Idaho, 115, 77 Pac. 218 ; Lindstrom v. Hope Lumber Company, 12 Idaho, 714, 88 Pac. 92.

With much earnestness, counsel for the plaintiff insists that the federal court must entertain the complaint in the form in which it is filed in the state court, and that, if it has not jurisdiction of the proceeding in that form, it must remand ; that there is no authority for requiring a plaintiff to replead upon removal, and the propriety, if not the validity, of rule 19, above referred to, is called into question. In Coosaw Mining Company v. South Carolina, 144 U. S. 550, 12 Sup. Ct. 689, 36 L. Ed. 537, a case removed from the state court, Justice Harlan says:

"The suit may have been cognizable in the state court, sitting in equity. But if it was not one of which the Circuit Court of the United States, sitting in equity, could properly take cognizance (Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260 ; Arrowsmith v. Gleason, 129 U. S. 86, 98, 9 Sup. Ct. 237, 32 L. Ed. 630), the pleadings, upon removal of the case from the state court, should have been reformed so as to make it a case to be tried at law."

In Wilson v. Smith (C. C.) 66 Fed. 81, Dallas, C. J., in ruling upon a motion to remand, said:

"That a state, by simply prescribing a peculiar form of procedure for its own courts, may in any case divest the rightful jurisdiction of those of the United States, is a doctrine to which I am wholly unable to assent, and which does not appear to be supported by any precedent or authority."

And again:

"Whether the jurisdiction of this court is upon its law side or its equity side will be determined 'by the essential character of the case,' but the right of removal is not affected by any such question.   That right exists if, upon either side, the requisite jurisdiction exists.   Where a cause brought here by removal cannot be entertained upon the one side, it must be assigned to the other ; but it is not to be remitted to the state court if, upon either side, the federal court is competent to retain and decide it."

And in Peters v. Equitable L. Ins. Co. (C. C.) 149 Fed. 290, cited for plaintiff, Lowell, C. J., in remanding the case, said:

"The defendant further contends that, even if it be admitted that the state statute has given the complainant a remedy in equity enforceable in the state courts, but unenforceable in a court which, like this, is unaffected by the statute, yet that the complainant may here be ordered to replead, and so may have

here an adequate remedy at law. If this court deemed the complainant's remedy obtainable at law to be adequate, doubtless it would retain jurisdiction of the cause, and would direct the complainant to replead; but, upon the whole, the remedy at law which this court can give to the complainant appears to be materially less effective than is the remedy obtainable in the state court through his bill in equity. That the Legislature of the state, by extending the equitable jurisdiction of the state courts to matters in which an adequate remedy at law is given to the suitor by the federal courts, cannot therefore deprive the citizen of another state of his right of removal to this court, is plain. But, on the other hand, if a state statute gives to any suitor a remedy in equity in the state courts better and more complete than that which this court can give him at law, and if, furthermore, the remedy thus given is one which this court cannot enforce in equity, the suitor has the right to carry on his litigation in the state court of equity, undisturbed by removal here."

With these views I am in accord. It is possible that an action may be brought in the state court under the Idaho statute, of which this court cannot assume jurisdiction; but it does not follow that, merely because a plaintiff refers to the section and asserts that his action is brought thereunder, the right of removal is defeated. Not the form, but the essential nature of the proceeding and of the relief sought, will control.

As already stated, the plaintiff's complaint here exhibits a case of equitable cognizance within the jurisdiction of this court. If, as is suggested in the briefs of both parties, the complaint does not truly or fully show the material facts, and if the defendant is actually in possession of the premises, the plaintiff may deem it wise to reform his pleading, for if he proceeds upon the equity side of the court he must fail, unless his proofs disclose a right of action cognizable in equity; there must be a correspondence of allegata and probata. The actual facts should be set forth from which it may be determined whether the court, ratione materiæ, can entertain jurisdiction, and, if so, whether the cause should proceed upon the equity or upon the law side of the court, or possibly in part upon one side and in part upon the other.

An order will be entered denying the motion to remand, overruling the demurrer, and granting to the plaintiff 30 days in which to replead; also granting to the defendant 45 days in which to plead further; all new pleadings to be filed and served within the times prescribed.