(June 4, 1904.)

## ROBERTSON v. MOORE.

### [77 Pac. 218.]

COMPLAINT—WHAT SHOULD CONTAIN IN FORECLOSURE OF LABORERS' LIENS—CONFLICTING EVIDENCE IN EQUITY CASES—JUDGMENT SHOULD DESCRIBE LAND TO BE SOLD—WHAT THE NOTICE OF LIEN SHOULD CONTAIN—APPLICATION FOR CONTINUANCE—FEES IN MECHANIC'S LIEN CASES.

1. A complaint for the foreclosure of a laborer's lien that sufficiently describes the property, fixes the time and manner of labor, the amount due, and that the lien was filed within the statutory time together with necessary requirements in ordinary suits in equity is sufficient.

2. Where there is a substantial conflict in the evidence on material issues involved, this court will not reverse the trial court either in law or equity cases, where the case has been tried on oral evidence.

3. By the provisions of the Session Laws of 1899, being termed an act to secure liens for mechanics, laborers, materialmen and other persons, found on page 147, section 4 requires the trial court to ascertain the amount of land necessary for the convenient use of the property to be sold, and it is error not to do so.

4. The notice of lien should contain a statement of the demand; the name of the owner or reputed owner if known; the name of the person by whom employed; a description of the property, which claim must be verified.

5. An application for the continuance of a cause appeals to the sound discretion of the trial court, and his ruling thereon will not be disturbed by this court unless it appears that there has been an abuse therof.

6. Attorneys' fees are allowed in the foreclosure of mechanics' and laborers' liens.

7. In an action to enforce a mechanic's or laborer's lien, where it is shown by counterclaim or cross-complaint that there is a demand for affirmative relief, either party is entitled to a jury trial on that issue, if it is in the nature of an action at law.

(Syllabus by the court.)

APPEAL from the District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Action to foreclose laborer's lien. Judgment for the plaintiff from which defendants appeal. Cause remanded with instructions to modify judgment after proof.

Fogg & Nugent and W. H. Cassady, for Appellants.

Where the claimant alleges an implied contract in his notice of lien and in his complaint, and the evidence shows an express contract, it is a material variance and the plaintiff is not entitled to recover. (*Wilson v. Hind,* 113 Cal. 357, 45 Pac. 695; *Fischer v. Hanna,* 8 Colo. App. 471, 47 Pac. 303.) Where defendants demand a trial by jury, the court has no jurisdiction to render a personal judgment against them in case the plaintiff fails to establish his claim of lien. (*Hilderbrant v. Savage,* 4 Wash. 524, 30 Pac. 643.) Plaintiff's second cause of action should have been dismissed. (*Warren v.*

*Quade,* 3 Wash. 750, 29 Pac. 827.)     The statutes determine what property is to be sold and how the sale is to be ordered. "The land upon which any building . . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof to be determined by the court in rendering judgment, is also subject to the lien." (Sess. Laws 1899, p. 148.)     This decree is clearly erroneous, in that it attempts to vest judicial power in the sheriff to determine what shall be sold.     It would seem that under the law and the evidence in this case the most favorable judgment that plaintiff could be entitled to, in the absence of all proof of what land was necessary, would have been a judgment decreeing a lien on the Crystal Butte claim— the claim on which the improvements were located.

L. Vineyard, for Respondent.

The complaint stands intact upon the second and third alleged causes of action, showing an alleged balance due the plaintiff from defendants of $1,315.75 over and above all just credits and offsets.     The complaint needed no amendment. (Boone on Code Pleading, sec. 250.)     The second objection raised to the complaint was raised by motion to strike out, after the demurrer had been disposed of as above.     This same principle is sustained in *Alvord v. Hendrie,* 2 Mont. 115; *Selden v. Meeks,* 17 Cal. 128; Sess. Laws 1899, p. 155; Phillips on Mechanics' Liens, pp. 571, 572, secs. 345, 426, 429; Boone on Code Pleading, p. 513, secs. 276, 277; Idaho Rev. Stats., secs. 4229, 4231.     Labor incidental or necessary to the performance of the work done will be protected by the lien.     (Phillips on Mechanics' Liens, secs. 501, 502.)

STOCKSLAGER, J.—This cause was tried in the district court of Idaho county; judgment was in favor of the plaintiff, from which and an order overruling a motion for a new trial the appeal was taken.     A demurrer was sustained to the first and fourth causes of action and overruled as to the second and third set out in the complaint; thereafter a motion was submitted to the court to strike out of the complaint all of the

second and third causes of action, designated as paragraphs 5, 6, 8, and 9; also all of paragraph 7 except the following words: "Plaintiff avers that the sum of $625.25 and no more have been paid on said contracts above mentioned which is described in said lien, also all of exhibit 'A' designated in said complaint as 'laborer's lien'; also all allegations in relation to said claim of lien that appear in his said second and third causes of action in said complaint, on the ground that the same is irrelevant and redundant matter, for the reason that it appears on the face of said causes of said action and said claim and notice of lien that no lien or right to a lien exists upon said causes of action, and that said notice of lien does not comply with the statutory requirements essential to a valid lien in such matters and that the same is void."

This motion was overruled. The second and third causes of action set out in the complaint are as follows: "Plaintiff for a second cause of action against the said defendants alleges: That on the thirteenth day of May, 1902, he entered into a second agreement with the said defendant, Wilbur E. Moore, as the agent of the said defendants, and on their behalf, by which agreement plaintiff agreed to transport and place said mill machinery upon the site where the same was to be erected and constructed, to wit, upon the said Crystal Butte mine, for which said work and labor the plaintiff was to be paid, under said agreement, what the same should be reasonably worth per day, in the event the plaintiff should succeed in so moving said mill machinery; plaintiff avers that he has fully kept and performed the said agreement in all things to be by him kept and performed, but the said defendants, nor either of them, has paid anything on said agreement except as hereinafter mentioned; that under said last agreement the said plaintiff worked in moving said machinery to said Crystal Butte mine for the period of seventy-four and three-fourths days; that the same was and is reasonably worth the sum of $10 per day, which is due and owing plaintiff from said defendants under said agreement. To avoid repetition plaintiff hereby incorporates paragraphs 5, 6, 7, 8, 9 of this complaint as parts of this second cause of action and for that purpose refers to the same."

The third cause of action alleges: "That on the first day of August, 1902, the plaintiff entered into an agreement with the said Wilbur E. Moore, agent for and acting on behalf of said defendants, to erect and construct said mill machinery as specified in second cause of action into a quartz-mill of ten stamps complete in all its parts on said Crystal Butte mine, together with tramway running from said mill to the lower tunnel of the Wise Boy mining claim, a distance of about one thousand feet, the said defendants to furnish the plaintiff all materials necessary and requisite to do and perform said agreement on his part, and to board said plaintiff while performing said agreement at the rate of $1 per day, and to pay the plaintiff for building said mill and tramway what the same should be reasonably worth per day, until the same was completed, and plaintiff avers that he completed said quartz-mill building and tramway under said contract on the eleventh day of November, 1902, and that he has fully kept and performed the said agreement in all things to be by him kept and performed, but the said defendants, nor either of them, have not paid the said sum of $10 per day for the period of one hundred and three days, the period of time consumed in performing said contract, nor have the defendants, or either of them, paid any part thereof except as hereinafter mentioned, but the same is due and owing from the defendants to plaintiff. To avoid repetition plaintiff hereby incorporates paragraphs 5, 6, 7, 8, 9 of this complaint as a part of this third cause of action and for that purpose refers to same."

The fifth allegation is "That the lands upon which said quartz-mill and tramway was so erected and upon which plaintiff worked and labored as aforesaid are described as follows, to wit: The Crystal Butte lode mining claim, and the Wise Boy lode mining claim, situate in Robbins mining district, Idaho county, Idaho, the same being prominent and well-known mining claims in said district, and being duly recorded in the records of quartz claims in said county and state. And plaintiff avers that the whole of said mining claims are required for the convenient use and occupation of said quartz-mill building."

The sixth allegation is "That at the dates of the said above

several contracts the defendants were the owners and the reputed owners of the said two lode mining claims, and ever since have been, and now are, the owners of said mining claims, and the said quartz-mill building and tramway erected and constructed thereon."

The seventh relates to the filing of lien which is termed exhibit "A" of the complaint.

The eighth shows the amount paid for verifying and recording lien.

The ninth alleges that $250 is a reasonable attorney's fee, etc.

The answer denies all the allegations of the complaint including the sufficiency of the lien set out in exhibit "A" of plaintiff's complaint. Avers that plaintiff represented himself as a skilled and competent millwright as an inducement to his employment to perform the services mentioned in his third cause of action; also that he was a skilled and competent mill builder and operator and a competent sawyer; that plaintiff undertook and agreed to perform all the services in a skillful and workmanlike manner, and that said representations and agreement on plaintiff's part were the inducement and consideration of said contract of employment upon which said plaintiff's cause of action is based. That by reason of the unskillful, careless and unworkmanlike manner of construction a certain retaining wall, being an essential part of the foundation of said quartz-mill, fell during the progress of said construction, and that by reason of extra expense and delay the defendants were damaged in the sum of $350; that plaintiff in his unskillful, careless and unworkmanlike manner in operating the sawmill caused the destruction of a certain saw of the value of $100, and they were thus damaged in the sum of $100, making a total damage of $450, which they ask may be offset against any sum that may be found for the plaintiff; that defendants did not at any time agree to pay plaintiff for his services what the same should be reasonably worth per day, or any sum greater than $5 per day.

Upon the issues thus framed this cause was tried without a jury and on the twentieth day of May, 1903, the court filed its

findings of fact and conclusions of law.   The court finds: "1. That for the period of seventy-four and three-fourths days, commencing on the thirteenth day of May, 1902, the plaintiff, P. C. Robertson, performed work and labor for said defendants, at the instance and request of Wilbur E. Moore, the authorized and acting agent of said defendants, in transporting and moving certain quartz-mill machinery to the Crystal Butte mining claim, to the place on said claim where the same was to be erected, in the Robbins mining district, Idaho county, Idaho; the said mining claim being owned and possessed by the defendants, except defendant Wilbur E. Moore."

The second finding is "That said work and labor was and is reasonably worth the sum of $7.50 per day; the same being in all things fully performed by the plaintiff according to the terms of the agreement set forth in the complaint herein—for which the plaintiff has been paid; that nothing is due and owing thereon from defendants to plaintiff; that the sum of $625.25 has been paid by defendant to plaintiff which overpays the above amount in the sum of $64.37."

The third finding is "That for the period of one hundred and three days, commencing on the first day of August, 1902, the said plaintiff, under a contract made with Wilbur E. Moore, as the agent of said defendants, the plaintiff erected said quartz-mill machinery into a ten-stamp quartz-mill, complete in all its parts, on the said Crystal Butte mining claim, mentioned in finding No. 1 of these findings; and did, during said period of one hundred and three days, under said contract, construct and build a tramway, about one thousand feet in length, from said mill, and connected therewith, and running therefrom to what is known as the lower tunnel of the Wise Boy mining claim; that said tramway is used in conveying ore or quartz rock from said Wise Boy mining claim to said mill.   That under said contract so made for building said quartz-mill and tramway, the defendants agreed to pay the plaintiff, by and through their said agent, Wilbur E. Moore, what the same should be reasonably worth per day; that the same is reasonably worth the sum of $7.50 per day for the said period of one hundred and three days, as set forth in the complaint herein."

The fourth finds "That $64.37, and no more, has been paid by defendants on account of building in said quartz-mill and tramway described in finding No. 2 above."

The fifth finds "That the amount of $703.13 and interest thereon at seven per cent per annum from the first day of January, 1903, is now due and unpaid according to the terms of said contract, as set forth in said finding No. 3, and complaint herein."

The sixth is "That the lands and premises upon which the said quartz-mill and tramway were constructed and erected, to-wit, the Crystal Butte lode mining claim, and said Wise Boy lode mining claim, set forth in the complaint herein, and situated in Robbins mining district, Idaho county, Idaho, were and are owned and possessed by the said defendants, they being the owners and reputed owners thereof, except defendant Wilbur E. Moore, who has no interest as owner in said Crystal Butte mining claim."

The seventh is "That all that part of the Crystal Butte mining claim upon which said quartz-mill and appurtenances and tramway are built, together with so much of the grounds as the Wise Boy mining claim, in and upon which said lower tunnel is run and connected with the said mill by said tramway, are requisite for the convenient use and occupation of said quartz-mill, building and tramway."

The eighth is "That on the twentieth day of December, 1902, the plaintiff, to perfect a lien for the moneys so due him from defendants, set forth in the complaint, filed for record in the recorder's office of Idaho county, Idaho, his notice of lien, and the same was duly recorded in said office."

The ninth, "That plaintiff paid out as costs for filing and recording said lien the sum of $2.80 and that $110 is a reasonable attorney's fee."

The tenth is that all the above sums, together with interest and accruing costs, are each and all a valid lien upon the said quartz-mill building and tramway, together with so much of the land and premises of the said Crystal Butte and Wise Boy mining claims as is requisite and necessary to the convenient use and occupation of said mill building and tramway, and upon

which the same is secured by the notice of lien mentioned in the complaint in this action.

The eleventh finds "That each and all of the allegations and averments in the complaint herein, except as modified and qualified by these findings, are true."

The twelfth finds "That the said defendants are not entitled to recover of the plaintiff any of their said alleged damages mentioned in their answer in this action."

The thirteenth is "That each and all of the terms and conditions of said lien have been broken by the said defendants."

As conclusions of law the court finds that plaintiff is entitled to judgment for the sum set out in the findings and that plaintiff is entitled to have his lien enforced.

The judgment follows the findings of fact and conclusions of law.

The first assignment of error is that the court erred in overruling defendant's demand for a jury trial. We obtain the following facts from the record: "Be it remembered that on this seventh day of March, 1903, in open court, the plaintiff demanded that this cause be heard by the jury and the court overruled the demand and held the cause to be one in equity and triable by the court; and at this time the jury was permanently discharged for the term. And now on the seventeenth day of March, 1903, the cause was called for trial before the court without a jury and the defendant demanded that the cause be tried by a jury, claiming the lien under the facts to be an invalid lien and that the matters to be tried were therefore issues of law. And be it further remembered that before entering upon the trial of said cause the following objection was made:

"Come now the said defendants severally and object to the trial of this cause before the court without a jury, for the reason that the complaint does not state facts showing any cause of action in equity, or entitling the plaintiff to any equitable relief, particularly in that there are no facts shown creating any lien upon the property, and that the complaint at best simply states an account for work and labor against defendants, or a portion of the defendants."

It is here shown that defendants did not join plaintiff in his demand for a trial by jury, but ten days afterward, and ten days after the jury had been discharged for the term, when the case was called for trial, a jury trial is demanded, not on their demand for damages in the sum of $350 for the unskillful manner in which plaintiff has constructed the retaining wall, or the sum of $100 alleged to be the result of plaintiff's unskillful manner of operating the saw, but for the reason there were no facts shown creating any lien upon the property. If the demand had been made for the submission of the question of damages set up in the counterclaim, then the court should have submitted that issue to the jury for a determination thereof, and it would have been error to refuse to do so. Under the circumstances we find no error in the ruling of the court. (*Christensen v. Hollingsworth,* 6 Idaho, 87, 53 Pac. 211.)

It is urged that attorneys' fees cannot be allowed in cases of this character. This court recently passed upon this question. (*Thompson v. Wise Boy M. & M. Co.,* 9 Idaho, 363, 74 Pac. 958.)

The second assignment is based on the refusal of the court to grant the defendants a continuance until the evidence of W. E. Kelly could be secured. The affidavit of Wilbur E. Moore states: "W. E. Kelly is, and for a long time past and ever since the first day of February, 1903, has been, at the mill situated on the Crystal Butte quartz claim near Hump, Idaho; that his duties there are such as to require his constant attention, and he could not absent himself from his said business at said place without great loss to said business; that said W. E. Kelly had arranged to be in attendance as a witness at the trial of this cause, and to come out immediately upon notification that the case was set for trial; that this cause was set for trial on Saturday, the fourteenth day of March, 1903; that immediately after the court set the cause for trial on said day, W. H. Cassady, one of the attorneys for the defendants, wrote said Kelly, notifying him that the case was so set, and also notifying him to come out immediately as a witness; that in addition to said notice this affiant wrote the said Kelly to the same effect; that owing to the extraordinary storms and the impassable condition of the

roads, the said W. E. Kelly did not receive the said communication in time so that he could reach the village of Grangeville, the place of holding this court, on the said fourteenth day of March, or at any time earlier than the seventeenth day of March, 1903, and that said Kelly, believing that the said trial had already been had, or would be had before he could possibly arrive in Grangeville, did not come out in response to said letter; affiant positively avers that the reason of the nonattendance of the said witness Kelly at the trial of this cause has been because of the said extraordinary condition of the roads, thereby delaying and impeding communication between Grangeville and the said residence and place of business of the said Kelly, and could not have been foreseen or prevented by either this affiant or any of the defendants hereto."

Applications of this character are largely within the discretion of the trial court, and unless it is shown that there has been an abuse of discretion, the order will not be disturbed by this court. Now, what are the facts? The witness Kelly is a party to the suit; it is shown by the affidavit of Wilbur E. Moore that he was at the time ready to come out when notified. The affidavit did not inform the trial court of the nature or importance of his occupation or employment there. He says: "His, Kelly's, duties, there are such as require his constant attention, and he could not absent himself from said business without great loss to said business." This is merely the conclusion of the witness, no facts stated that would inform the court of the necessity of Kelly's presence at the mill. Applications for a continuance based on the absence of a party to the suit do not appeal with the same force as an application for an absent witness who is a stranger to the litigation. All parties to the suit are supposed to be in attendance ready for trial and especially if they are necessary witnesses. On the other hand, a stranger to the litigation may try to avoid the service of process or purposely absent himself from the jurisdiction of the court, and even under such conditions diligence must be shown to procure the attendance of the absent witness, and that such diligence has failed to procure the attendance of the witness through no fault of the party making the application. We find no error in this ruling of the court.

The third assignment of error is based upon the ruling of the court in overruling defendants' demurrer to plaintiff's second and third causes of action. This assignment is not discussed in appellant's brief. We find no error in this ruling of the court.

The fourth assignment relates to the ruling of the court in refusing to sustain defendants' motion to strike out certain portions of plaintiff's second and third causes of action. This assignment is not discussed in the brief. We find no error in this ruling of the court.

Learned counsel who represent the defendants in this case in their brief say: "The main contention between the parties hereto is in relation to the contract of employment under which the services of the plaintiff were performed. It is the contention of the plaintiff that the services set out in his second and third causes of action were performed under implied contracts of employment, and that such services are reasonably worth the sum of $10 per day. The position of the defendants is that such services were performed under an express contract and that the plaintiff was to be paid therefor at the agreed rate of $5 per day." Counsel for respondent accepts this theory and devotes nearly his entire brief in the discussion of the evidence bearing on this question, and ably and earnestly insists that the findings and conclusions of the court are amply supported by the evidence. The evidence is too voluminous to quote very extensively from it, and the trial court having heard it all as it came from the witnesses and having passed upon it, under the long-established rule of this court, we should hesitate before disturbing his findings. It is only where it is plainly shown that there is no substantial conflict in the evidence on the material issues, or the trial court has ignored the evidence entirely and rendered judgment without support from the evidence that this court will interfere and order a new trial. An examination of the evidence in this case discloses that there is direct conflict as to the employment of plaintiff, plaintiff insisting that his contract was that he should be paid what his services were reasonably worth, and defendants insisting that it was under the contract price of $5 per day; A. W. Moore and Wilbur E. Moore so testifying.

The seventh assignment is based on the ruling of the court on the objection of defendants to the admission of any evidence of any acts of Wilbur E. Moore tending to create any liability against the other defendants or against their property without proof of the agency of said Wilbur E. Moore and of his authority to make such contracts. It is shown by the evidence that Wilbur E. Moore was the only representative of the company with whom a contract could be made where the work was being done at or near the mines; he had charge of the check-book and says himself that he told plaintiff he could proceed with the work transporting the machinery. Other defendants were on the ground afterward and made no complaint that plaintiff had done or was doing the work; indeed, it is contended by defendants that he was employed to do this work by A. W. Moore, the only dispute being as to wages for the work. There is no error in this ruling.

The eighth assignment is based upon the ruling of the court in admitting any evidence showing or tending to show a lien upon the property of defendants under the complaint and notice of lien. We have already said the complaint was sufficient, and an examination of the Session Laws of 1899, page 148, section 6, convinces us that the lien complies with the requirements of the statute, hence no error in this ruling.

We now come to the most serious question presented by this record, and that is the sufficiency of the description of the property to be sold to satisfy the judgment, which is as follows: "It is adjudged and decreed that all and singular the ten-stamp quartz-mill building and tramway, situated upon the Crystal Butte and Wise Boy mining claims, lying and being in the Robbins mining district, Idaho county, Idaho, upon which plaintiff filed his notice of lien, and mentioned in plaintiff's complaint or so much of the land and premises upon which said mill building and tramway are situated as may be sufficient for the use and occupation of said mill building and tramway, to satisfy the amount due to the plaintiff from defendants on said judgment, interest and costs of this suit and expenses of sale, be sold at public auction by the sheriff of Idaho county, Idaho, in the manner prescribed by law, according to the course and practice of this court, etc."

Under the head of "What land or interest therein is subject to lien," our lien law, and the law upon which the lien is founded, and this action is prosecuted, section 4 says: "The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof *to be determined by the court on rendering judgment,* is also subject to the lien, etc."

It will be observed that the court did not comply with this provision of the statute and fix the amount of land that should be sold for the necessary requirements for the convenient use and occupation thereof, but left it to the sheriff to determine this question. The intention of the legislature in this provision of the law is obvious. The court has the power to call witnesses to ascertain the amount of land necessary for the convenient use and occupation of the property to be sold under the terms and conditions of the lien and judgment, whilst the sheriff has no such power. It was error on the part of the trial court not to comply with this provision of the statute, and the case is remanded, with direction to the trial court to ascertain the amount of land required for the convenient use and occupation of the property ordered sold under the lien, and if necessary, call witnesses for such purpose; and after such fact is ascertained make a proper finding and modify the judgment accordingly.

Other errors are assigned, but in our view of the case it is unnecessary to pass upon them. The judgment is affirmed with the above modification. Costs are awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.