(September 28, 1911.)

WEETER LUMBER COMPANY, a Corporation, Respondent, v. W. D. FALES, Appellant, and E. E. MEAD et al., Defendants and Respondents.

[118 Pac. 289.]

MECHANICS' LIENS—MATERIALMEN—MOTION TO DISMISS APPEAL—SERVICE OF NOTICE OF APPEAL—UNDERTAKING ON APPEAL—DEMURRER TO COMPLAINT—NOTICE OF LIEN—SUFFICIENCY OF—DATE OF COMPLETION OF CONTRACT—PAYMENT TO CONTRACTOR BY OWNER—FILING OF LIEN THEREAFTER—FINDINGS—SUFFICIENCY OF—JUDGMENT IN REM.

(Syllabus by the court.)

1.  Where the same counsel is attorney for three defendants and only one of them appeals, the notice of the appeal need not be served upon the nonappealing defendants or their counsel. (Sullivan, J., dissenting.)

2.  The undertaking on appeal *held* sufficient.

3.  *Held,* that it was not error for the court to overrule the demurrer.

4.  The claim of lien *held* sufficient.

5.  Where there is a substantial conflict in the evidence on which any finding of fact is based, such finding will not be disturbed on appeal.

6.  Under the mechanics' lien law of this state, the materialman or laborer is given an absolute lien upon the structure or improvement in which the material was used or the labor done, if he files his claim of lien within the time required by law, and the .payment by the owner of the full contract price, to the contractor, prior to the date of the filing of the lien, is no defense in an action to foreclose such lien.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to foreclose a mechanic's lien. Judgment for the plaintiff. *Affirmed.*

W. G. Bissell, and D. W. Zent, for Appellant.

There is absolutely no contract set out in the claim of lien; the terms upon which the material was sold, the time in which it was to be paid for, the conditions of the contract are nowhere mentioned. This omission was fatal. (*Hooper v. Flood,* 54 Cal. 218; *White v. Mullins,* 3 Ida. 434, 31 Pac. 801.)

In this action the plaintiff sought and has obtained a personal judgment against the defendant Fales. It is a well-settled principle of law that an action for the foreclosure of a mechanic's lien is purely an action *in rem.* (*Valley Lbr. Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24.)

The court below followed the Pennsylvania system of mechanics' liens, which we contend is, under the statutes of Idaho, not the law in this state. (Rockel, Mechanics' Liens, secs. 65, 72; 27 Cyc. 89.)

Sec. 5110, Rev. Codes, upon comparison, will be readily seen to be a re-enactment of the early California law; hence it is to that state that we must turn for guidance. its decisions having already been recognized as binding by this court upon this subject. (*Bradbury v. Idaho & Or. Land Imp. Co.,* 2 Ida. 239 (221), 10 Pac. 620; *White v. Mullins,* 3 Ida. 434, 31 Pac. 801.)

"The owner of a building is only liable to a materialman for the amount remaining due the original contractor upon the date when the lien was filed." (*Knowles v. Joots,* 13 Cal. 620; *McAlpin v. Duncan,* 16 Cal. 127; *Bowen v. Aubrey,* 22 Cal. 571; *Blythe v. Poultney,* 31 Cal. 233; *Dore v. Sellers,* 27 Cal. 593; *Renton v. Conley,* 49 Cal. 185; *Wells v. Cahn,* 51 Cal. 423; *Dingley v. Greene,* 54 Cal. 333; *McKue v. Jackmon,* 7 Cal. App. 703, 95 Pac. 673.)

James R. Bothwell, for Respondents.

By the words "adverse party" as used in sec. 4808, Rev. Stat., relative to appeals, is meant every party who is interested in the subject matter of the appeal and will be affected by a modification or reversal of the judgment or order appealed from, irrespective of whether he be plaintiff, defendant or intervenor. (*Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192;

*Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271; *Lydon v. Godard,* 5 Ida. 607, 51 Pac. 459; *Diamond State Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042, 32 L. R. A., N. S., 34.)

A careful examination of the lien law of California will develop many and quite important differences between it and the lien laws of Idaho. (*Colorado Iron Works v. Riekenberg,* 4 Ida. 262 (266), 38 Pac. 651.)

The California statute conforms in its salient features to the New York system, although if certain requirements are not complied with, the subcontractor or materialman has a lien for the value of what he has done or furnished irrespective of the contract price. (*Macomber v. Bigelow,* 126 Cal. 9, 58 Pac. 312; *Coss v. MacDonough,* 111 Cal. 662, 44 Pac. 325; *Davies-Henderson Lumber Co. v. Gottschalk,* 81 Cal. 641, 22 Pac. 860; *Greig v. Riordan,* 99 Cal. 316, 33 Pac. 913; *Willamette Steam Mills Co. v. Los Angeles College Co.,* 94 Cal. 229, 29 Pac. 629.)

The supreme court of Montana has passed upon a statute similar to ours, and holds that a subcontractor or materialman has a direct lien irrespective of the contractor. (*Merrigan v. English,* 9 Mont. 113, 22 Pac. 454, 5 L. R. A. 837; *Duignan v. Montana Club,* 16 Mont. 189, 40 Pac. 294.)

A case similar to the one at bar has been before the supreme court of this state. (*Valley Lbr. & Mfg. Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; see, also, *Steltz v. Armory Co.,* 15 Ida. 551, 99 Pac. 98, 20 L. R. A., N. S., 872; *Sanders v. Keller,* 18 Ida. 590, 111 Pac. 350; *Jones v. Balsley,* 27 Okl. 220, 111 Pac. 942; *Smith v. Wilcox,* 44 Or. 323, 74 Pac. 708, 75 Pac. 710; *Beach v. Stamper,* 44 Or. 4, 102 Am. St. 597, 74 Pac. 208; *Bowen v. Phinney,* 162 Mass. 593, 44 Am. St. 391, 39 N. E. 283; *Seeman v. Biemann,* 108 Wis. 365, 84 N. W. 490; *Albright v. Smith,* 3 S. D. 631, 54 N. W. 816.)

SULLIVAN, J.—This action was brought to foreclose a materialman's lien on a building and two town lots in the city of Gooding. The defendant Mead and the Gooding State Bank, defendant, failed to answer. The defendant Fales and

the Gooding Townsite Company answered. The cause was tried and findings of fact were made and judgment entered in favor of the Lumber Company for $719.82, with interest, attorneys' fees and costs, and in favor of the Gooding Townsite Company for the sum of $500, that being the balance due to said company for the purchase price of said town lots, Nos. 19 and 20, in block 38 of said village of Gooding. The sale of said building and town lots was ordered and out of the proceeds of such sale, first the amount due the townsite company was directed to be paid, and thereafter the amount found due to the lumber company, with costs, etc. The appeal is from the judgment. A motion has been made to strike out a certain part of the record and to dismiss the appeal.

The motion to dismiss is made on two grounds: First, that the notice of appeal was not served on the defendants Mead and the Gooding Townsite Company as required by sec. 4808, Rev. Codes, they being adverse parties and would be affected by a reversal or modification of the judgment. The judgment entered was in favor of the defendant, the Gooding Townsite Company, for $500, with interest thereon, and against Mead and Fales for the sum of $719.82, together with interest thereon and an attorney's fee of $100. It is clear to me that if the judgment is reversed, Mead and the Gooding Townsite Company, who were not served with a notice of appeal, might be very materially affected, and that they are clearly adverse parties within the provisions of said sec. 4808. This court held in *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529, that notice of appeal must be served on each party whose interest would be affected by a modification or reversal of the judgment appealed from, whether such party be plaintiff, defendant or intervenor, or whether he appears or is in default. In *Lewiston National Bank v. Tefft,* 6 Ida. 104, 74 Pac. 529, this court held that where one of two parties appeals from a joint judgment of foreclosure rendered against both, the other defendant is an adverse party to the appeal and as such is entitled to notice. (See, also, *Lydon v. Goddard,* 5 Ida. 607, 51 Pac. 459, and the *Diamond State Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042, 32 L. R. A., N. S.,

34.)  In the latter case it was held that where a joint judgment is rendered against two or more parties and an appeal is taken by one of the parties against whom such joint judgment is rendered, then all other parties against whom such joint judgment was rendered are adverse parties, and notice of appeal must be served upon each in order to give this court jurisdiction.  In some of the cases above cited the same attorney was attorney for the appealing party or parties in the trial court as well as for those who did not appeal, and there has been no distinction made by the decisions of this court upon the question under consideration, whether the attorney who took the appeal for one of the defendants was also attorney for other defendants who refused to appeal, or whether such parties were represented by different attorneys, and as I view the matter, in order to give this court jurisdiction of such an appeal, the party taking the appeal, or his attorney, must serve the notice of appeal on the respondent and each of his codefendants who refused to appeal, who would be affected by a reversal or modification of the judgment.  And simply because the attorney for the three defendants in the case at bar took an appeal for one of them and not for the others, that did not relieve him from serving the notice of appeal upon the two defendants for whom he was attorney in the trial court and who refused to appeal.  It is no answer to say that he would have to serve the notice of appeal on himself, for he would not in fairness to the nonappealing defendants serve the notice on himself, but would serve it upon the nonappealing defendants, so that they might employ other counsel if they so desired and have their rights properly represented on the appeal.  The attorney for the appellant could not represent the appellant and the nonappealing defendants on the appeal, for the very reason that he would have to contend for a reversal of the judgment on the appeal for the appellant and for an affirmance of it on behalf of the nonappealing defendants.  The nonappealing defendants had a right to be served with the notice of appeal, and without such service this court has not the jurisdiction to reverse or modify in any manner the judgment as to them.  However, my associates do not concur with me in this view, and hold that al-

though there were two other defendants who refused to join in the appeal, it was not necessary for the appellant or his attorney to serve the notice of appeal upon them. That being their view of the matter, the motion to dismiss must be denied.

The other ground of the motion to dismiss the appeal was based on the insufficiency of the undertaking. A second undertaking was filed, which we think was sufficient, and the motion to dismiss on that ground must be denied.

The overruling of the demurrer to the complaint is assigned as error. Upon an examination of the complaint we are satisfied that it states a cause of action, and that the court did not err in overruling the demurrer thereto.

It is next contended that the notice of lien is not sufficient. Upon a careful inspection of the notice of lien, we find that it is in substantial compliance with the provisions of sec. 5115, Rev. Codes, in regard to what a claim of lien must contain, and is sufficient.

It is also contended that the contract on which the mechanic's lien is based was completed on June 5, 1909, and that the court erred in finding that said contract was completed on June 8th. There is a conflict in the evidence upon that question, and this court will not disturb that finding for that reason.

Appellant contends that as the owner had paid the full contract price for the construction of said building before the lien was filed, that that was a complete defense to this action. His theory is that if the owner pays the contract price for the construction of the building and pays in full before any lien is filed, even though a claim of lien is filed within the time provided by the statute, no lien is created thereby. He concedes that the trial court has followed the Pennsylvania system or rule, which he contends under the statute of Idaho is not the law here. One of two systems seems substantially to have been adopted by the several states—one known as the New York system and the other as the Pennsylvania system. (Bloom on Mechanics' Liens and Building Contracts, sec. 14 et seq.; Boisot on Mechanics' Liens, sec. 225; Rockel on Me-

chanics' Liens, secs. 65, 72.)   It is said in 27 Cyc. 89, the
prominent distinction between the two systems is this: Under
the New York system the subcontractor cannot recover more
than is due from the owner to the contractor; while under
the other system, the payment to the original contractor is no
defense to a claim of a subcontractor or materialman; and the
adjudicated cases show that some of the states have operated
under the one system for a time and then under the other.
Under the New York system the contract is required to be
recorded with the proper recorder, and a contractor or sub-
contractor or materialman must give notice to the owner after
he has performed the labor or furnished the material of the
amount of his claim in order to protect himself.   Under the
mechanics' lien law of this state, neither of those acts is re-
quired, and the materialman or laborer is given an absolute
lien if he files his claim of lien within the time required by
law, and the owner is required, in order to protect himself
from liens, to see that all claims of such persons are paid
before he pays the contract price to the original contractor.
That being true, there is nothing in the contention of counsel
for appellant that a payment by the owner of the full con-
tract price to the contractor before the lien is filed is a full
defense to all claims for labor or material furnished in the
construction of such building or improvement.

It was held in *Hunter v. Truckee Lodge,* 14 Nev. 24, under
the laws of that state, that the legislature intended to give
subcontractors and materialmen direct lien upon the premises
for the value of their labor and materials, regardless of the
payments on the principal contract  made prior to the time
within which the law requires notice of their claims to be re-
corded, and we are satisfied that under the mechanics' lien
law of this state, subcontractors and materialmen have a lien
upon the premises for the value of their labor and materials,
regardless of any payments made to the original contractor
prior to the time within which the law requires the notice of
their lien to be filed.

It is next contended that this is merely an action *in rem,*
and that the court erred in rendering a personal judgment

against Fales. It appears, however, that no deficiency judgment is provided for in the decree, and it apparently was not intended as a personal judgment against Fales. We therefore conclude that such portion of the judgment herein as purports to be a personal judgment against Fales must be vacated, and hold that the judgment as to Fales is purely a judgment *in rem* running against the property described in the decree.

It is contended by counsel that the court failed to find and decree the amount of ground sufficient, if any, for the convenient use and occupancy of the building referred to. We think from the findings and decree taken together it is clear that the court concluded that the two town lots described in the complaint, and upon one or both of which lots said building was situated, were necessary and sufficient for the convenient use and occupancy of the building, and directed them both to be sold by said decree. We therefore hold that said contention is without merit.

While we have not in this opinion referred to all of the questions raised by appellant, we have considered them and find no reversible error in the record. The judgment must therefore be modified as above indicated, and as so modified is affirmed, with costs in favor of respondent.

Stewart, C. J., concurs.

AILSHIE, J., Concurring in Part and Dissenting in Part. In this case the findings and decree are almost identical with the findings and decree in the case of *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218, and in that case this court held that it was the duty of the trial court, under sec. 5113, Rev. Codes, to ascertain the amount of land "required for the convenient use and occupation" of the building or structure and to enter a decree for the sale of that amount of land. This court accordingly reversed the judgment in that case and remanded it, with direction to the trial court to ascertain the amount of land necessary for the convenient use of the structure and to enter a decree accordingly. The findings and decree in this case are almost identical with the decree in *Robertson v.*

*Moore.* Here the decree directs "that all and singular the premises mentioned in the said complaint of the plaintiff on file herein and hereinafter described, or so much thereof as may be sufficient to raise the amount due the *Gooding Townsite Co., Ltd.,* and the plaintiff for the principal and interest and attorney fee, and for filing and recording said lien set forth in plaintiff's complaint, and cost of the suit and expense of sale, and which may be sold separately without material injury to the parties interested, be sold at public auction by or under the direction of the sheriff of Lincoln county." The premises directed to be sold therein are described as lots 19 and 20 in block 38, village of Gooding, Lincoln county, Idaho. I think the case should be remanded, with directions to the trial court to ascertain the amount of land necessary for the convenient use of the building and enter his decree accordingly.