(September 30, 1914.)

W. D. FALES and ELIZABETH B. FALES, Respondents, v. WEETER LUMBER COMPANY, LTD., a Corporation, Appellant.

[143 Pac. 526.]

EQUITABLE ACTION—JUDGMENT—SETTING ASIDE.

1. *Held,* under the law and evidence, that the court erred in setting aside the judgment sought to be set aside by this action.

2. One who seeks equity in a court of conscience must do equity before any relief will be granted.

3. Where an equitable action is brought to vacate a judgment upon the ground that it was obtained without jurisdiction, it must appear that the judgment sought to be set aside is inequitable and unjust, and that plaintiff has a good defense thereto.

4. If a judgment is regular on its face, it will never be opened up merely for the purpose of letting in the defense of the statute of limitations.

APPEAL from the District Court of the Fourth Judicial District for Gooding County. Hon. Edward A. Walters, Judge.

Equitable action to set aside a judgment. Judgment for plaintiffs. *Reversed.*

James R. Bothwell and Thos. F. Terrell, for Appellant.

As a matter of equity and good conscience, neither of the plaintiffs would be permitted to maintain this action seeking the equitable relief which they do, without first paying to the defendant the balance due to it for lumber and building materials, which it is conceded has not been paid. (*Tracy*

*v. Wheeler,* 15 N. D. 248, 107 N. W. 68, 6 L. R. A., N. S., 16; *Willits v. Willits,* 76 Neb. 228, 14 Ann. Cas. 883, 107 N. W. 379, 5 L. R. A., N. S., 767; *International Land Co. v. Marshall,* 22 Okl. 693, 98 Pac. 951, 19 L. R. A., N. S., 1056; *Booth v. Hoskins,* 75 Cal. 271, 17 Pac. 227, and cases cited; *Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481; *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765, 14 L. R. A., N. S., 213; 1 Black on Judgments, sec. 394.)

"A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted, unless the complainant shows that he has good and meritorious defense to the original action." (23 Cyc. 1031.)

"Acquiescence consisting of mere silence may operate as an estoppel to preclude assertion of legal title and rights of property." (*Loughran v. Gorman,* 256 Ill. 46, 99 N. E. 886; 2 Pomeroy, Eq. Jur., 3d ed., 818; *Niven v. Belknap,* 2 Johns. (N. Y.) 573.)

In order for the plaintiff to state a cause of action or to recover in this cause, she must allege in her complaint and prove as a fact that the defendant Weeter Lumber Co., at the time when said lien was filed and at the time when said action to foreclose the same was commenced, knew that the said property was community property, and also knew that it was occupied and used as a place of residence. (*Washington Rock-Plaster Co. v. Johnson,* 10 Wash. 445, 39 Pac. 115.)

There is nothing in the statutes or the laws of Idaho requiring the wife to be made a party defendant in actions to foreclose a lien either upon the homestead or upon other community property occupied as a residence.

"Where a lien attached to real estate before becoming a homestead, the wife is not a necessary party to an action foreclosing the same." (*Watkins v. Sproull,* 8 Tex. Civ. App. 427, 28 S. W. 356; Boisot on Mechanics' Liens, sec. 529.)

W. G. Bissell, for Respondents.

The judgment against which we sought to quiet title was a nullity and void, and thus, as a general proposition of law, is

open to attacks, either direct or collateral, at any time. (*Gapen v. Bretternitz,* 31 Neb. 302, 47 N. W. 918; *Kansas City etc. R. R. Co. v. Moon,* 66 Ark. 409, 50 S. W. 996; *Miles v. Strong,* 68 Conn. 273, 36 Atl. 55; *Yon v. Baldwin,* 76 Ga. 769; *Johnson v. Logan,* 68 Ill. 313; *Powell v. Gisendorff,* 23 Kan. 538; *Mayo v. Ah Loy,* 32 Cal. 477, 91 Am. Dec. 595.)

"In all suits to foreclose mechanics' liens and mortgages, the wife is a necessary party defendant." (McKay on Community Property, 385.) And notwithstanding the husband individually incurred the debt which the lien secures." (27 Cyc. 349; *Sagmeister v. Foss,* 4 Wash. 320, 30 Pac. 80, 744; *Turner v. Bellingham Bay Lumber Co.,* 9 Wash. 484, 37 Pac. 674; *Seattle v. Bacter,* 20 Wash. 715, 55 Pac. 320; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Weston v. Weston,* 46 Wis. 130, 49 N. W. 834; *Gray v. Gates,* 37 Wis. 614; *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Northwestern Bridge Co. v. Tacoma Shipbuilding Co.,* 36 Wash. 333, 78 Pac. 996.)

"Legal proceedings to be conclusive against either must embrace both, and the judgment was therefore void." (*Revalk v. Kraemer,* 8 Cal. 66, 68 Am. Dec. 304; *Hefner v. Urton,* 71 Cal. 479, 12 Pac. 486; *Watts v. Gallagher,* 97 Cal. 47, 31 Pac. 626; *Brackett v. Banegas,* 116 Cal. 278, 58 Am. St. 164, 48 Pac. 90; *Ludwig v. Murphy,* 143 Cal. 473, 77 Pac. 150.)

SULLIVAN, C. J.—This is an equitable action brought for the purpose of setting aside a judgment entered in the case of the *Weeter Lumber Co. v. Fales,* which case was appealed to this court, and the decision on appeal will be found in 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289. The trial court entered a judgment in favor of the plaintiff setting aside said former judgment and this appeal is from that judgment.

The following facts appear from the record:

William D. Fales entered into a contract with the Gooding Townsite Company on or about April 5, 1909, to purchase lots 19 and 20 in block 38 in the town of Gooding, by the terms of which contract the townsite company reserved title

to said lots and agreed to convey said title to said Fales upon the payment of certain sums of money. At the time of the sale the lots were vacant and unimproved. After entering into said contract, Fales entered into a contract with one Mead to construct a building upon said lots and contracted with the appellant, the Weeter Lumber Company, to furnish the building material for the construction of such building. The lumber company furnished material to the amount of $1,927.34, which was actually used in the construction of the building. On August 6, 1909, the purchase price of said lumber being due and unpaid, the lumber company filed its claim · of lien upon said premises. Thereafter certain payments were made to the lumber company by Fales upon the amount due for said material, and on February 2, 1910, there remained a balance of $719.82 due the lumber company for said material, and on that date the lumber company brought an action to foreclose the materialman's lien for said amount. On May 17th, William D. Fales filed a separate answer, wherein he admitted that he was the owner and reputed owner of said lots, but thereafter, on September 19, 1910, he filed an amended answer denying that he was the owner or reputed owner of said premises, and alleged that he held said property under said contract with the Gooding Townsite Company. Said foreclosure action was then tried and findings of fact and decree entered in favor of the lumber company, foreclosing said lien and directing the sale of the premises. From that judgment Fales took an appeal to the supreme court, and the opinion of this court therein is found in 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289.

It also appears that during the trial of said case Elizabeth B. Fales, the wife of said Fales, was present as a witness, and testified in said case on behalf of her husband, that she knew of the filing of the lien upon said premises and the foreclosure of said lien and claimed no interest whatever in said premises, and suffered and permitted judgment to be entered in said suit without in any manner raising the question as to said property being community property. More than a year after said trial and the entry of said judgment, she filed her motion

in said foreclosure suit to set aside and vacate the judgment of foreclosure, on the ground that it was community property and occupied as a residence. That motion was argued and submitted to the court and denied, and she failed to appeal from the order denying her motion.

Thereafter this action was commenced by said Elizabeth B. Fales and her husband to set aside said judgment of foreclosure, on the ground that said property was community property and that the court had no jurisdiction over the community property and that she had not been made a party to said foreclosure suit. After the trial of this action the court set aside said judgment and entered judgment in favor of the plaintiffs.

The main contention of plaintiffs is that said property being community property and resided upon by plaintiffs, the court acquired no jurisdiction in the foreclosure proceedings because service of summons was not made upon the plaintiff Elizabeth B. Fales. She admits that the defendant furnished the lumber for the construction of said building, and the record clearly shows that said building was constructed before she and her husband began to reside therein, and that if she is successful in this action she no doubt will be able to appropriate as community property $719.82 worth of the material used in the construction of said building without paying for it.

It is a familiar maxim of equity that a party asking equity must first do equity, and a court of conscience would not permit her to appropriate said material without paying for it, which the record shows she has not done. The record also shows that said lien attached before she began to reside upon said premises and that she had full knowledge that the Weeter Lumber Company had furnished said material and that it had not been paid for. As a matter of equity and good conscience, neither of the respondents would be permitted to maintain this action without first paying to the appellant the balance due for said building materials.

It was held in effect in *Tracy v. Wheeler,* 15 N. D. 248, 107 N. W. 68, 6 L. R. A., N. S., 516, that a court of equity

would not cancel a real estate mortgage securing a just debt which it was conceded had not been paid, at a suit of the mortgagor or one standing in his shoes, when the only ground urged for such relief is that the statute of limitations is available as a defense against the foreclosure, and the fact that the plaintiff could not be coerced by legal means to pay the debt affects only the legal character of the obligation; that it does not alter the primary fact that she (the plaintiff), owes the obligation which in equity and good conscience she ought to pay. *Booth v. Hoskins,* 75 Cal. 271, 17 Pac. 225, is to the same effect.

This court held in *Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481, that where an independent action is brought to vacate a judgment upon the ground that it was obtained without jurisdiction, a showing that the defendant has, or at the time of the judgment, had, a defense, is none the less necessary because the judgment may have been obtained without service of the summons or appearance of the defendants; and that it must be shown that the former judgment is not equitable.

It is stated in Black on Judgments, sec. 394, that "The privilege of vacating judgments is to be used only in furtherance of justice, and a judgment should not be set aside unless it is unjust as it stands. Hence, if it is regular on its face, it will never be opened up merely for the purpose of letting in an unconscionable, dishonest, or purely technical defense."

In 23 Cyc., p. 1031, it is said that "A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted unless the complainant shows that he has a good and meritorious defense to the original action."

The plaintiff, Elizabeth Fales, claims in effect that the Weeter Lumber Company failed to make her a party to the action of foreclosure, and not being made a party to that action and the statute requiring that an action to foreclose such liens shall be commenced within six months, as to her said

action is barred by the statute of limitations and cannot be maintained.

In such cases where the statute of limitations might be plead against another action brought for the foreclosure of the lien and it is clear that the debt had never been paid, a court of equity will not assist a plaintiff in avoiding a just debt by that means.

The trial court erred in entering judgment for the plaintiffs. That judgment must be set aside, and it is so ordered, and the trial court is directed to enter judgment in favor of the defendant.

Costs awarded to appellant.

Truitt, J., concurs.